(37 South. 877.)

No. 15,321.

SIMONTON v. MITCHEL.

(Jan. 16, 1905.)

APPEAL—TIME OF TAKING—NOTIFICATION—MOTION TO DISMISS—CORRECTION—JURISDICTION OF COURT OF APPEAL.

1. Where a cause was tried in the First city court of New Orleans on March 16, 1903, in the presence of the parties, and was taken under advisement, and judgment was rendered therein on March 19, 1903, there being nothing in the judgment or on the docket to show that the losing party or his attorney was present on the last occasion, the delay for appeal commences to run from the date of the notification of the judgment.

2. Where in such case the losing party took his appeal to the Court of Appeal within 10 days after notification of judgment, such appeal was in time.

3. Where an exception and motion to dismiss such appeal was filed on the grounds of want of citation of appeal and the lapse of more than 10 days since notification of judgment, and the court ordered that the cause be "remanded for correction," and thereupon the appellant caused the constable to correct an error as to date of service of notice of judgment, and the judge of the city court to issue a citation of appeal, and the Court of Appeal reconsidered the case, and dismissed the appeal because not taken within 10 days from the signing of the judgment, *held*, that the order to "remand for correction" was in the nature of a certiorari to complete the record, and did not divest the jurisdiction of the Court of Appeal; that the appellant was not responsible for the failure of the city judge to issue citation of appeal; that the correction of error in the date of service of notice of judgment was proper; and that the Court of Appeal erred in dismissing the appeal.

(Syllabus by the Court.)

Certiorari to Court of Appeal, Parish of Orleans.

Action by James G. Simonton, agent, against S. L. Mitchel. Judgment for defendant, and appeal by plaintiff was dismissed by the Court of Appeal, and plaintiff applies for certiorari or writ of review. Reversed.

George F. Bartley, for applicant. Hughes & Favrot, for respondent.

LAND, J. Plaintiff sued defendant in the First city court of New Orleans for $58, the alleged value of a certain typewriting machine and desk. Defendant answered that he held said property, as lessor, for rent due by a third party to the amount of $60, and prayed for a recognition of his pledge and privilege as landlord, should plaintiff be decreed the owner.

The case was tried on March 16, 1903, and taken under advisement.

On March 19, 1903, judgment was rendered and signed in favor of the defendant.

Notice of judgment of date March 19, 1903, was returned by the constable as served on the 22d of same month and year. It was filed by the clerk August 25, 1903.

Plaintiff took an appeal and filed bond on September 1, 1903. The appeal was made returnable to Court of Appeal on September 11, 1903, and was on that day filed and docketed in the appellate court.

On January 6, 1904, defendant and appellee filed an exception and motion to dismiss, on the grounds that he had not been cited to answer the appeal and that the appeal was prescribed, notice of judgment having been served on March 22, 1903.

The presiding judge of the Court of Appeal ordered the case "remanded for correction."

The constable corrected his return so as to show that notice of judgment was served on August 22, 1903.

Citation of appeal also issued, and was served on the defendant on February 26, 1904.

On April 13, 1904, defendant filed an exception to the jurisdiction of the Court of Appeal, on the ground that it had been divested by the remanding of the cause. The case was finally dismissed on the ground that the appeal was prescribed, having been taken after the expiration of 10 days from the signing of the judgment. Code Prac. art. 1133.

That article reads, "after the expiration of ten judicial days from the signing of the

judgment and its notification to the party cast." The record does not show that plaintiff was present when the judgment was rendered, which was three days after the trial of the case.

The time for appealing commences to run from the date of judgment, "if it has been pronounced in the presence of the parties, or within three days after the notification of it, if it has been rendered in the absence or on default of one of the parties." Code Prac. art. 1131.

Judgment rendered by justices of the peace become executory three days after rendition, "if it was in the *presence of the parties*, or reckoning from the notification of it, if it was rendered in the *absence* or on default of one of them." Code Prac. art. 1139. (Italics ours.)

Article 1086 of the Code of Practice refers to a judgment rendered in presence of the parties. Were its meaning doubtful, it would be controlled by the subsequent articles already cited.

In State ex rel. Henderson v. McCrea, 40 La. Ann. 20, 3 South. 380, this court held that "it is only where judgment is rendered in presence of the parties that notification may be dispensed with."

Hence the delay for appeal in this case commenced only from the date of the notification of judgment.

The error in the return of service was corrected by the constable so as to conform to the truth. The case was remanded only for the purpose of correction. It could not have been remanded, in the sense claimed by defendant, without reversing the judgment in his favor. The proceedings were de novo, and there could have been no objection to the correction of the error in the Court of Appeal.

The law made it the duty of the justice to issue the citation to the appellee. Code Prac. art. 1134. It was not done. It was not the fault of the appellant, and his appeal should not be dismissed on this ground. We understand that the order to remand "for correction" was for the purpose of having the defendant cited, as well as to correct the constable's return of service.

The error of the Court of Appeal was in holding that the delay for appeal commenced from the signing of the judgment.

It is therefore ordered, adjudged, and decreed that the judgment of the Court of Appeal be annulled, avoided, and reversed, and that this cause be reinstated on the docket and tried on its merits according to law.