(53 South. 364.)

No. 18,252.

COHEN v. OTIS.

(June 20, 1910. Rehearing Denied Oct. 17, 1910.)

*(Syllabus by the Court.)*

1. COURTS (§ 190*)—JUSTICES OF THE PEACE (§ 155*) — CITY COURTS — SUSPENSIVE APPEAL.

Under article 1131 of the Code of Practice as amended and re-enacted by Act No. 129 of 1888, p. 188, relative to suspensive appeals from justice and city courts, the three days' delay for such an appeal runs from the date of the judgment, when pronounced in the presence of the parties, or from the date of its notification, if rendered in the absence of one of the parties.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190;* Justices of the Peace, Cent. Dig. §§ 524–533; Dec. Dig. § 155.*]

2. COURTS (§ 190*)—CITY COURTS—SUSPENSIVE APPEAL.

When no motion for a new trial is filed in the city court, the three days' delay for a suspensive appeal begins to run from the date of the notification of the judgment when rendered out of the presence of the parties.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190;* Appeal and Error, Cent. Dig. §§ 103, 3379½.]

Action by Meyer Cohen against Henry A. Otis. Judgment for plaintiff, and defendant appeals to the Court of Appeal. From an order refusing to dismiss the appeal, plaintiff applies for certiorari or writ of review. Judgment of Court of Appeal reversed, and appeal dismissed.

Titche & Rogers, for relator.    J. J. Mc-
Loughlin, for defendant Otis.

LAND, J.    Meyer Cohen obtained judg-
ment in the First city court of New Orleans
against Henry A. Otis on February 23, 1910.
The judgment was rendered in the absence of
the parties.   Notice of judgment was served
on Otis on Wednesday, February 23, 1910.
On Tuesday March 1, 1910, Otis obtained an
order for a suspensive appeal, and on the
same day filed bond and carried the case to
the Court of Appeal.

Plaintiff moved to dismiss the appeal on
the ground, among others, that the appeal
was taken too late.`` This motion was over-
ruled, and the case is before the Supreme
Court on a writ of review.

Article 1131 of the Code of Practice as
amended and re-enacted by Act No. 129 of
1888, p. 188, reads as follows, to wit:

"No appeal from a judgment before a justice
or judge of a city court in the parish of Or-
leans, shall stay execution unless the said ap-
peal be taken three days after the final judg-
ment, if it has been pronounced in the presence
of the parties, or within three days after the
notification of it, if it has been rendered in the
absence or on the default of one of the parties,
and unless the appellant shall execute his bond,
etc.   Judgment shall not be final until action by
the court upon any motion for a new trial which
may have been made within the delay now au-
thorized by law or the rules of the court."

The delay for appeal commences to run from
the date of the judgment or from the date
of its notification.   Simonton v. Mitchel, 113
La. 923, 37 South. 877.   As the defendant did
not file a motion for a new trial in the city
court, he is not within the statutory excep-
tion.   We construe the statute to mean that
the delay for an appeal runs if not suspend-
ed by the filing of a motion for a new trial
within the three days.   We may add that we
have been referred to no law or rule of court
authorizing a delay for filing a motion for a
new trial in the city court.

It is therefore ordered that the judgment
of the Court of Appeal herein be reversed,
and it is now ordered that the appeal taken
by the defendant to the Court of Appeal be
dismissed, and that the defendant pay the
costs in both appellate courts.