MONROE, J.
The applicant herein sued the two defendants named in the title in the city court and prayed judgment against them, in solido, for $69.32.
He obtained and confirmed judgment against Vasquez, by default, and was subsequently heard upon his case against Hennessey, which was taken under advisement. Thereafter, on March 6, 1911, in the absence of both parties, the court gave judgment against Hennessey, for $19.76, thereby in part rejecting plaintiff’s demand. No notice of the judgment was served on plaintiff, but, learning on March 20th that the judgment had been rendered, he on that day took an appeal, which was made returnable to the Court of Appeal on March 30th, and citation of appeal was served on defendant on March 23d. On March' 29th defendant moved to dismiss the appeal, on the grounds, as stated in the motion:
“That the appeal is premature; that the judgment is not final, there being no notice of the rendition of any judgment in the above entitled and numbered cause served on defendant, mover; that the citation of appeal in this suit was served on mover on March 23, 1911, showing that the appeal was returnable on March 20, 1911, to this honorable court; that the motion and order of appeal was signed more than 10 judicial days from the signing of the judgment.”"
The motion was sustained and the appeal dismissed; and, in refusing a rehearing, the judge of the Court of Appeal who acted in the matter states that it was dismissed because, “under the Act of 1910, no notice of judgment was required, and, consequently, the appeal came too late.”
[2] Proceedings before the city courts of New Orleans are governed by the general law, regulating proceedings before justices of the peace, “except that, at the time fixed for the hearing of the cause, the judge may immediately proceed with the trial thereof, if any party to the suit be present and so desire it.” Act No. 22 of 1888, p. 17; Wertheimer v. Favalora, 116 La. 491, 40 South. 848; Johnson v. Murphy, 124 La. 144, 49 South. 1007.
Proceedings before justices of the peace are regulated by the provisions of the Code of Practice. C. P. 1060 et seq. Act No. 129 of 1S88 is entitled “An act to amend and re-enact article 1131 of the Code of Practice relating to appeals from the justices of the peace,” and reads, in part, as follows:
“Section 1. * * * That article 1131 of the Code of Practice be amended and re-enacted so as to read as follows: No appeal from a judgment before a justice of the peace or judge of a city court in the parish of Orleans shall stay execution unless the said appeal be taken three days after final judgment, if it has been pronounced in the presence of the parties or within three days after the notification of it, if it has been rendered in the absence or on the default of one of the parties, and unless the appellant shall execute his bond. * * * Judgment shall not be final until action by the court upon any motion for a new trial which may_ have been made within the delay now authorized by law or the- rules of court.”
The only differences between the article 1131, as thus re-enacted, and the same article prior to its re-enactment, are: (1) In the re-enacted article the appellant is required to give a bond for the appeal, “for a sum exceeding by one-half the amount for which the judgment was given,” whereas, he was previously required to give bond for double the amount of such judgment; and *635 (2) there is added, in the re-enaeted article, the paragraph to the effect that “judgment shall not be final,” etc. It is hardly necessary to say that the article, as re-enacted, took the place of the pre-existing article, and that the latter thereupon ceased to exist. The article as it then stood was again amended and re-enacted by Act No. 45 of 1910, which reads:
“That article 1131 of the Revised Code of Practice of this state be amended and re-enacted so as to read as follows: No appeal from a judgment before a justice of the peace shall stay execution, unless said appeal be taken ten days after the judgment, if it has been pronounced in the presence of the parties or when the party cast was present or represented by counsel at the trial, or, within ten days after the notification of it, if it has been rendered on default of one of the parties, unless the appellant shall execute his bond * * * ”— (the balance of the article being left unchanged).
It will be seen that the changes operated by this re-enactment are as follows: (1) There is no specific mention in the re-enacted article of the city courts of New Orleans, which, however, under Act No. 22 of 1888, remain subject to the rules prescribed for justices of the peace; (2) ten days are allowed for the appeal, instead of three, as in the pre-existing article; (3) the delay for the appeal runs from the date of the rendition of the judgment (subject to the action of the court upon any motion for new trial which may be filed) “when the party east was present or represented by counsel at the trial, whereas, in the pre-existing article, if the judgment was rendered in the absence or on the default of one of the parties,” the delay began only from the notification of such judgment, though both litigants may have been present or represented at the trial.
[1] In the instant case, it is not denied that both parties were present at the trial; hence, the delay for the appeal began to run, as to both, from the date of the rendition of the judgment; and, as more than 10 days from that date had expired before the appeal was applied for, it follows that the application was made too late and that the appeal was properly dismissed.
The judgment in the case of Cohen v. Otis, 127 La. 6, 53 South. 364, to which we are referred, was rendered before Act No. 45 of 1910 became a law, and was predicated entirely upon Act No. 129 of 1888.
It is therefore adjudged and decreed that the order heretofore made herein be rescinded, that the demand of the applicant be rejected, and this proceeding dismissed at its cost.