LAND, J.
Relator represents that' the plaintiff obtained judgment against defendant in the Ninth justice court of the parish of St. Landry on July 29, 1914, and that the defendant was granted a suspensive appeal therefrom on October 28, 1914, returnable to the district court of said parish; that G. L. Dupre, who filed the motion for appeal in behalf of the defendant and B. O. Taylor, curator ad hoc to the defendant, were present at the trial of the case, and that said curator was also present at the rendition of judgment therein; that the United States Fidelity & Guaranty Company of Baltimore, Md., signed said appeal bond as sole surety; that the transcript of appeal was filed in the district court, and the plaintiff filed a motion to dismiss said appeal for the reasons, among others:
(1) That the period of time for a suspensive appeal had long since elapsed.
(2) That the appeal bond was not signed by a surety residing in the Ninth justice of peace ward of the parish of St. Landry, as required by Act No. 214 of 1914, amending and re-enacting article 1131 of the Code of Practice.
Relator further represents that the curator ad hoc to the defendant was present at the trial and on the day judgment was rendered; and that a suspensive appeal must be taken within ten days from the rendition of judgment.
On this showing this court ordered a rule nisi to issue, and the respondent judge has sent up the record, and has answered substantially as follows:
That the citation was addressed to the defendant, and domiciliary service was made on him, and that a curator ad hoc could not represent a resident of this state.
That act No. 41 of 1894,- authorizing surety companies to sign judicial bonds, was not repealed by Act No. 214 of 1914.
Plaintiff sued to recover the sum of $50.25 for labor in hauling logs to defendant’s mill, and in his affidavit for a writ of provisional seizure represented:
“That E. A. Mercadal, formerly a resident of the parish of Orleans, but whose present address is unknown to affiant.”
Citation issued on April 22, 1914, addressed to E. A. Mercadal, “of the parish of St. Landry,” and was served on April 30, 1914, on the defendant’s wife, at his domicile, 8008 Spruce street, in the city of New Orleans, and was returned on the same day.
On May 2, 1914, on the mere suggestion of the plaintiff that the defendant was an absentee, one D. C. Taylor was appointed and qualified as curator ad hoc to represent “the absentee, E. A. Mercadal,” who had already been cited as above stated.
On May 18, 1914, a “notice” addressed to the defendant, through the curator ad hoc, was issued, and, as shown by the constable’s return, was on the same day served on said curator. The' date of this notice was subsequently altered so as to read “23d of June,” 1914. The paper notified the curator ad hoc that the case had been refixed for trial for July 29, 1914, at 2 o’clock p. m.
It appears from the record that the American Hardware Company intervened, claiming the ownership of the lumber which had been previously seized.
[1] We make the following extracts from the record of the justice of the peace:
“There was neither appearance nor answer for the defendant Mercadal. The American Hardware Company and the plaintiff were represented by their attorneys of record.”
The case was tried, and there was judgment in favor of the plaintiff, dismissing the *251 intervention, with costs, and also in his favor against the defendant for the amount sued for, with recognition of his lien and privilege as claimed. The judgment was rendered and signed on July 29, 1914. No notice of judgment appears to have issued to the defendant, who took and perfected his appeal on October 28, 1914.
It appears aliunde that the case as against the defendant was tried on July 23, 1914, and oral judgment rendered in favor of the plaintiff, but this judgment was not signed until July 29, 1914. It appears from a certificate of the justice of the peace that Judge G. L. Dupre was present on July 23,1914, and the curator ad hoc was present on July 29, 1914, when the judgment was rendered. The justice, however, does not certify that Judge Dupre on July 23, 1914, made an appearance in the case as counsel for the defendant. Surely the defendant could not have been represented by a curator ad hoc and by counsel at the same trial.
Defendant having been cited at his domicile in the city of New Orleans, there was no occasion for the appointment of a curator ad hoc. A curator ad hoc is appointed to represent the defendant, who is “absent and not represented in the state.” Code of Practice, art. 116. In State v. Judge, 16 La. Ann. 390, it was held that a defendant, who resided in this state, but who was temporarily absent, was not bound by a notice served on a curator ad hoc appointed to represent him. In that case as in this the contention was that the defendant was not entitled to a suspensive appeal, because the delay had expired. In Dreville v. Cucullu, 18 La. Ann. 695, the court said:
“A resident is not an absentee, and vice versa. One person cannot be both, at the same time, in the meaning of the law, a resident and an absentee.”
The gist of the decision is thus expressed in the syllabus:
“A defendant who-is domiciled in this state cannot be cited through a curator ad hoc, when he is absent from the state and not represented by an agent.”
Article 189 of the Code of Practice expressly provides for service of citation at the usual place of domicile or residence of the defendant, if he is absent.
[2] Article 1131 of the Code of Practice reads:
“No appeal from a judgment before a justice of the peace shall stay execution unless the said appeal be taken three days after the judgment, if, it has been pronounced in the presence of the parties, or within three days after the notification of it, if it has been rendered in the absence or on default of one of the parties.”
Act No. 45 of 1910 amended and re-enacted the above provisions so as to read:
“No appeal from a judgment before a justice of the peace shall stay execution, unless the said appeal be taken ten days after the judgment, if it has been pronounced in the presence of the parties, or when the party cast was x>resent or represented by counsel at the trial or within ten days after the notification of it, if it has been rendered on default of one of the parties.”
[3] Act 214 of 1914 purports to amend and re-enact article 1131 of the Code of Practice, without reference to Act 45 of 1910, but really amends said act in several particulars, to wit: By providing that no notification of the judgment shall be necessary if personal service was had on the defendant, and that the surety shall reside in the ward of the justice rendering the judgment. Act 45 of 1910 prescribed residence in the parish.
Act No. 214 of 1914 does not affect the questions which we have discussed, but is relied on to support the contention of relator that the Fidelity & Guaranty Company was not a legal surety on the appeal' bond, because it was not a resident of the Ninth ward of the parish of St. Landry. If the contention is good as to the ward, it is also good as to the parish, and the whole state, since the company’s domicile or residence is in the state of Maryland.
*253 Section 1 of article 41 of 1894, “to authorize certain corporations to become surety upon bonds required to be furnished by law,” provides that any guaranty company duly incorporated under the laws of this or any other state of the Union, which have complied with and are qualified under its provisions, may be accepted as sole and sufficient surety upon any bond undertaken or obligation required or permitted to be made, given, tendered, or filed with surety or sureties by any law of this state, and that the execution by such company of such bond, etc., shall in all respects be. a full and complete compliance with all the requirements of such laws, etc., “that such bond, etc., shall be executed by one or more sureties, or that such sureties shall be residents or freeholders, or either or both, or possess any other qualification.”
There is no conflict between Act 41 of 1894 and Act 214 of 1914. The former applies to guaranty corporations and the latter to individual sureties. Act 41 of 1894 provides a substitute for the surety required by Act 214 of 1914 and as such substitute in legal intendment possesses all the legal qualifications of such surety there can be no repugnancy between the two statutes.
The validity of Act 41 of 1894 has been affirmed in several cases, the last of which is Moffet v. Koch, 106 La. 371, 31 South. 40.
It is therefore ordered that the rule nisi herein issued be recalled, and that relator’s application be dismissed, with costs.