NORTHERN   PETROLEUM CO.

                VS

LALLY   &   LALLY

No. 8710

the above delay

June 19th, 1922.

June 19-22

8710

478

CHARLES F. CLAIBORNE, JUDGE.

The defendant herein, Ralph C. Lally, doing business under the name of Lally & Lally, was served personally - and filed an answer. Judgment was rendered against him, and signeu on May 1st, 1922 for the sum of $161.49. On the trial of the case defendant was represented by counsel. On May 15th, he obtained an appeal returnable to this Court on May 25th, 1922. The record was filed in this Court on that day.

Plaintiff and appellee, on May 29th, 1922, moved to dismiss the appeal on the ground that the appeal was taken too late.

Article C. P. 1133 originally read as follows:

"If a party having cause to complain of a judgment rendered by a Justice of the Peace, allows twelve months to elapse after the time allowed for an appeal, without having taken one, he shall no longer be allowed to appeal, but the judgment shall acquire the force of res judicata"

This article was amended by Act 28 of 1865 Sec. 11 p 52 as follows:

"No appeal shall be allowed from any judgment rendered by a Justice of the Peace in the Parish of Orleans x x x if taken after the expiration of ten judicial days from the notification of the judgment to the party cast".
R. S. Sec. 2080.

In the Revised Code of Practice of 1870 this amendment was embodied in Article 1133 and made to read as follows:

"Provided, no appeal shall be allowed from any judgment rendered by a Justice of the Peace in the Parish of Orleans,

after the expiration of ten _judicial_ days from the signing of the judgment and its notification to the party cast".

Article 1131 of the Code of Practice was amended by Act 103 of 1882 p 155, Act 129 of 1888 p 188, Act 45 of 1910 p 70, Act 214 of 1914 p 410, and Act 97 of 1916 p 216.

By the Act of 1916 the Article was amended so as to read as follows:

"That no appeal from a judgment before a Justice of the Peace shall stay execution unless the said appeal be taken within ten (calendar) days after the judgment. If it has been pronounced in the presence of the parties, or when the party cast was present, or represented by counsel at the trial, or within ten days after the notification of it, if it has been rendered on default of one of the parties; provided, that no notification shall be necessary if personal service was had on the defendant &c. Judgment shall not be final until action by the Court upon any motion for a new trial, which may have been made within the time now authorized by law or rules of Court".

The Articles C. P. 1131, 1132 and 1133 are upon the same subject matter and must be interpreted together.

The defendant herein was represented by counsel at the trial, the judgment was not rendered by default, and personal citation was served upon him. Therefore no notification of the judgment was required by law, and the delay for appealing began from the signing of the judgment and not from its notification.

In State ex Rel Henderson vs Mc Crea, 40 A. 20. the Court said:

"It is only where the judgment is rendered in the presence of the parties, that notification may be dispensed with; and it is only where the judgment is thus rendered, or notified, that the delay to make it final begins to run".

In the case of Simonton vs Mitchel,113 La. 921 the Court said:

"The record does not show that plaintiff was present when the judgment was rendered, which was three days after the trial of the case. The time for appealing commences to run from the date of judgment, "if it has been pronounced in the presence of the parties, or within three days after the notification of it, if it has been rendered in the absence or on default of one of the parties". C.P.1131. Article 1086 C. P. reads as follows:

"If the two parties appear at the time appointed the justice shall immediately proceed to hear them and to render judgment, and in this case the judgment may be executed without being notified".

In Cohen vs Otis, 127 La. 6, applying the Act of 1888, the Court said: (sus/pension)

"The three days' delay for an appeal runs from the date of the judgment, when rendered in the presence of the parties, or from the date of notice, if rendered in their absence". Reversed by 129 La. 632 ( )

In that case the appeal was dismissed because taken after the expiration of three days after notice of judgment.

In the case of Meyer vs Vasquez, 129 La. 632, the Court, interpreting the Act of 1910 said:

"The delay of ten days within which a suspensive appeal may be taken from a judgment of a City Court in New Orleans, "when the party cast was represented by counsel at the trial begins to run from the date of the rendition of such judgment".

In that case also the appeal was dismissed by the Court of Appeal and by the Supreme Court because the appeal was taken after ten days after the rendition of the judgment, when no notice of judgment was required.

IN Salvant vs Mercadel, 136 La. 248, the Court said that Act 214 of 1914 amended Article 1131 by providing that

"no notification of the judgment shall be necessary if personal service was had on the defendant" -,

and refused to dismiss an appeal where the order had been obtained after the expiration of ten days in a case where the defendant had been cited at domicile and where no notice of judgment had issued.

By Act 128 of 1921 p 332 entitled an Act to regulate the practice in the City Courts for the City of New Orleans, and to carry into effect sections 90, 91 and 92 of Article VII of the Constitution, it is provided:

"Appeals shall be allowed, and be returnable to the Court of Appeals, within ten days, exclusive of Sundays, from the rendition of the judgment &c".

This law effects no change in the former statutes and, jurisprudence relative to the delay for appealing, from judgments rendered by City Courts except that instead of ten *judicial* days, *only ten calendar days,* exclusive of Sundays, are allowed.

The judgment in this case was rendered on May 1st, against the defendant who was cited personally, and who was represented on the trial by counsel. He was not, therefore, entitled to a notice of judgment. The delay for appealing began on the day of the rendition of the Judgment, *may 1st,* He obtained the order of appeal on May 15th. This was more than ten calendar days, exclusive of Sundays, from the rendition of the Judgment, and was too late. The appeal must therefore be dismissed. 7 Rob. 60; 34 A. 315 (318).

"This law is imperative and it cannot be abrogated by the agreement of counsel to extend the delay for the taking of a suspensive appeal. No consent of parties can give this Court jurisdiction or enlarge its powers. If, in any given case, "no appeal will lie", whether because

of the amount in dispute, or becuase the time limited
for an appeal has expired, the appellate Court has no
jurisdiction. and every Court is bound. **ex officio,** to
take notice of the want of jurisdiction patent on the
face of the record, although the parties may be will-
ing and may consent not to raise the question".

Appeal dismissed.
June 19th, 1922.