## VALLON v. MORRIS CLEANERS & DYERS, Inc.

### No. 16369.

Court of Appeal of Louisiana. Orleans.

May 4, 1936.

B. M. Goodman, of New Orleans, for appellant.

A. I. Kleinfeldt, of New Orleans, for appellee.

McCALEB, Judge.

Judgment in the First city court in favor of defendant-appellee was rendered and signed on January 22, 1936. On January 31 plaintiff moved and obtained an order for a devolutive appeal returnable to this court on February 10, 1936. The record was lodged in this court on its return day. On February 11, 1936, the appellee appeared and moved to dismiss the appeal upon the ground that it had never been cited to appear and answer the appeal; that no citation of appeal has ever been served upon it or its counsel of record; that the appellant did not pray for such citation in his motion for appeal, or pay the constable's cost for service of the same. The case was submitted on the motion, and on March 4 the motion to dismiss was denied. Appellee filed a motion for a rehearing on March 6 which was granted.

On March 18 the case was referred to the court en banc.

There is an agreed statement of fact, made part of the record, with reference to this motion to dismiss, wherein it is stipulated between counsel that the citation of appeal was issued by the clerk of the First city court on February 4, 1936, and duly delivered by said clerk to the constable of the First city court on the same day for service. The appellant did not pay the constable his fee for making service of the citation of appeal and, as a consequence, the constable did not make service of the citation of appeal for the reason that the appellant failed to pay his fee of $1 for making such service.

We need not consider the question raised as to the failure of the appellant to pray for citation of appeal in his motion for appeal because the stipulation of fact exhibits that citation of appeal was actually issued by the clerk of the First city court. The question to be determined, therefore, is whether the failure to serve the appellee with citation of appeal is attributable to the fault of the justice of the peace or to the appellant.

If the failure to serve citation of appeal is due to the fault of the appellant, the appeal must be dismissed. Marable v. Barhan, 137 La. 254, 68 So. 440; King et al. v. First Methodist Church, 137 La. 879, 69 So. 593; Smith v. O'Reilly Elevator Co., 134 La. 635, 64 So. 494.

On the other hand, if the failure to serve the appellee with citation of appeal is due to the fault of the judge of the city court,

the motion to dismiss the appeal will be denied. See Simonton v. Mitchel, 113 La. 921, 37 So. 877.

The amount in dispute in the case at bar involves less than $100, and therefore the general laws now in force regulating the proceedings before justices of the peace are applicable to this case. See Act No. 45 of 1880, § 7, amended and re-enacted by Act No. 22 of 1888, § 1.

Article 1134 of the Code of Practice, dealing with appeals from justice of the peace courts, provides:

"The justice of the peace after receiving the appeal bond and security of the appellant shall issue a citation to the appellee directing him to appear before the appellate court on or before the day on which the appeal has been made returnable, provided that when the judgment is rendered and the order of appeal is granted in the presence of the parties or their attorneys, no citation of appeal shall be required. (As Amended, Acts 1904, No. 197; 1908, No. 226.)"

It is conceded by both parties that the judgment upon which this appeal is founded was granted out of the presence of the parties hereto or their attorneys and, therefore, a citation of appeal was required.

Counsel for appellant contends that article 1134 of the Code of Practice, above quoted, should be construed to mean that it is the duty of the justice of the peace to issue and serve the citation of the appeal and that his failure so to do may not be attributed to the appellant.

The stipulation entered into by the parties discloses that the judge of the city court actually issued the citation of appeal, or rather that it was issued on his authority by the clerk of the First city court and sent to the constable of said court for service, but that the service of the citation was not made due to the fault of the appellant in not paying the constable for the cost of the service.

Article 7, § 89, of the Constitution of 1921 provides for a constable for the First city court of New Orleans.

Dart's Louisiana General Statutes, § 1388, provides:

"The constable of the city courts of New Orleans shall be entitled to collect the following fees and no more: * * *

"Sixth. For service of citation of appeal, for each party on whom service is directed to be made, and for making re-

turn thereon, one dollar ($1.00). * * * (Acts 1880, No. 136, § 33; Acts 1906, No. 212, § 1.)"

. Section 1389 of Dart's Louisiana General Statutes provides:

"The fees of the constable shall be paid by the party requiring the service to be performed, and such party shall be entitled to recover the same from the other party on the final termination of the cause, if costs should be decreed in his favor, and such party shall be protected by a bond or security in the same manner as is provided by section 4 of this act. (Acts 1880, No. 136, § 34.)"

From the foregoing it will be observed that while it is the duty of the justice of the peace to issue a citation to the appellee directing him to appear before the appellate court, it is also the duty of the constable of the First city court to serve the citation of appeal after having been paid the fee to which he is entitled by the party requiring the service to be performed.

To sustain the contention made by the appellant here would compel us to interpret article 1134, C.P., to mean that the duty was imposed upon the judges of the city court not only to issue the citation of appeal, but to personally serve the same, or to pay the constable the required fee, in order to insure that service of citation would be made. In view of the other acts of the Legislature allowing the constable of the First city court a schedule of fees for making service and placing the responsibility upon the party requiring the service to pay the constable, we are of the opinion that the manifest intention of the Legislature in the passage of article 1134, C.P., as amended, was that the words "shall issue a citation to the appellee" mean that the judge shall issue a citation of appeal directed to the appellee, to be served by the constable of his court.

In cases involving over $100 and less than $300 appealable from the city courts, the appellate procedure is the same as in cases from the district courts. But in cases involving $100 or less, as in the case at bar, citation and service of appeal are necessary requirements.

The appellee has not been served with citation of appeal due to the failure of the appellant in not paying the constable the fee for making the service. It accordingly follows that his appeal must be dismissed.

For the reasons assigned the motion to dismiss is sustained and the appeal dismissed.

Appeal dismissed.