A. M. Dreville, Widow of Louis Emmerling, *v.* Joseph S. Cucullu.

An absentee is a person who has resided in the State and has departed, without leaving any one to represent him. It means, also, the person who never was domiciliated in the State, and resides abroad.

A defendant who is domiciled in this State cannot be cited through a curator ad hoc, when he is absent from the State and not represented by an agent.

APPEAL from the Third District Court of New Orleans, *Fellowes*, J. *Miles Taylor* and *J. Brewer*, for appellant. *A. Philips*, curator ad hoc, appellee.

Labauve, J. The petition substantially alleges that Joseph S. Cucullu, a resident of the city of New Orleans, is indebted to petitioner in the sum of $3,079 50, with interest, to secure the payment of which the debtor gave a mortgage on certain property, by act passed before a notary public, on the 15th March, 1860. That said Joseph S. Cucullu is now absent from the State; that he has property in the State, and that he has appointed no person to take care of his property or to represent him, and that, in the premises, a curator ad hoc ought to be appointed to represent him in this suit, and to defend his interest therein.

The petition concludes accordingly, and that a curator ad hoc be appointed to represent said defendant in this suit, upon whom citation may be served.

A curator ad hoc was appointed, as prayed for.

The following exception was filed by the curator ad hoc :

The curator ad hoc, herein appointed by the Court to represent the defendant, an absentee, now comes, and for exception to the plaintiff's demand, says that said defendant being absent from, and not represented by agent, etc., in the State of Louisiana, he cannot be proceeded against in personam and cited through a curator ad hoc, appointed for that purpose, the Court being vested with no jurisdiction in the premises, as no property belonging to said defendant is before the Court, upon which legal action is or can be based.

The District Court sustained the exception and dismissed the suit, and the plaintiff appealed.

It seems that there is no dispute about the defendant having his domicile in the city of New Orleans, and being absent at the time; the curator ad hoc did not put that at issue, but raised the question, whether the defendant, under the allegations in the petition, can be represented by a curator ad hoc, or otherwise, can be called an absentee, in the legal meaning of Art. 57 of our Civil Code, and the definition given to the word at No. 3 of Art. 3522, Civil Code.

An absentee is a person who has resided in the State, and has departed without leaving any one to represent him.

It means, also, the person who never was domiciliated in the State, and resides abroad.

Now, can a person who has a domicile in the State be called an absentee ? Can the citizens of New Orleans, who go over the Lake in the sickly season of the year, be considered as absentees, and be proceeded against as such ? We think not. A resident is not an absentee, and vice versa; one person cannot be both, at the same time, in the meaning of the law, a resident and an absentee.

In the case of *Dupuy, curator*, v. *Hunt et al.* 2 A. 562, Judge Eustis, who delivered the opinion of the Court, said :

"Nor do we think that the intendment of Article 57 of the Civil Code is changed by Art. 116 of the Code of Practice. The several articles of that Code concerning the appointment of curators to persons, presuppose something upon which the jurisdiction of the Court can properly be based. C. P. Arts 194, 195, 924, 963, 964. They must all be taken together and construed with reference to, and in furtherance of the provisions of the Civil Code, and not as creating what would be an anomaly in legislation."

We are of opinion that our jurisprudence is so well settled upon this question that we do not feel authorized to disturb it.

It is therefore ordered and decreed, that the judgment appealed from be affirmed, with costs.