No.——

First Circuit

VINCENT v. TECHE TRANSFER CO.

(May 8, 1928: Opinion and Decree.)

*(Syllabus by the Editor)*

1. **Louisiana Digest—Automobiles—Par. 4, 4(a), 7(c).**

Negligence cannot be imputed to the driver of an auto bus who after having been placed in a perilous position by the negligence of the driver of another car collides with a third car parked on the side of the road, in order to save human life. His act was not the proximate cause of the accident.

Appeal from the Parish of Iberia. Hon. James Simon, Judge.

Action by Pelicien Vincent against the Teche Transfer Company.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

J. E. Kibbe, of Abbeville, attorney for plaintiff, appellant.

Burke and Smith, of New Iberia, attorneys for defendant, appellee.

MOUTON, J. Aymar David, a salesman for plaintiff, had parked a Ford car near a store on the right side of the public highway which runs between Iberia and Lafayette. A bus belonging to defendant company, driven by Latina, an employee of defendant, ran into the Ford car causing damages thereto, for the recovery of which this suit is brought. The demand was denied. Plaintiff appeals.

The bus was going westward from New Iberia to Lafayette, and collided with an auto belonging to Eddy Freeman near Burke Station, about five miles west of New Iberia. The bus was traveling at about twenty or twenty-seven miles an hour, the usual speed at which these transfers travel on their regular daily trips between the two cities. There is a double railroad track at Burke Station that runs east and west on parallel lines with the public highway on which the bus was traveling. This highway is twenty-four feet wide. The distance between the railroad rails, and the highway is thirty-five feet, with an incline of about thirty inches drop.

The Freeman auto which was being driven by Mrs. Freeman was coming towards the highway in a road leading from the west. Mrs. Freeman was not a witness in the case so that we have not the benefit of her testimony. Her husband says he saw the bus when it was coming towards the crossing, yelled to his wife and said: "Oh, Lord, the transfer is coming." Oppenheimer, a passenger on the bus says the Freeman car came shooting from the railroad, and "right down in front of us."

It is evident that the Freeman car was coming at a lively clip and that neither Mr. nor Mrs. Freeman saw the bus. There is nothing to indicate they could not have seen it if they had cast a glance in the direction from which it was coming. Freeman says he grabbed the wheel of his auto thinking he could help his wife, and to save his life. This statement was made in his original examination; and in rebuttal he said he could not put the brakes on. It is shown that with fairly good brakes a car can be stopped on the incline between the railroad track and the highway.

The bus was traveling on the right side of the highway, and was struck by the Freeman auto as it came down the grade from the railroad track. In order to avoid killing Freeman and his wife, Latina, the driver of the bus, says that after the transfer was struck by the Freeman car, he veered to the right and ran into plaintiff's car which was parked on the right side of the highway; that he immediately applied the emergency brakes but without avail. It is true, the driver of the bus says, he saw the Freeman car about twenty-five feet before he reached the crossing, but had no idea that the auto would come down the highway in front of the transfer. The bus had the right-of-way, and the bus driver is not chargeable with negligence because he assumed that the Freeman car would stop before crossing the railroad tracks or making the grade to the highway. As soon as the bus driver realized the perilous situation that presented itself, he veered to the right for the laudable purpose of saving human life, and in so doing unavoidably caused the injury complained of. The bus driver was driving at a lawful speed on the right side of the highway, and was at no time negligent when the collision occurred. It is true he ran the bus against the car of the plaintiff which was standing on the right side of the road, and where it was properly parked; he cannot, however, be legally blamed because he thus collided with plaintiff's car, as he had been compelled to take that side of the highway by the Freemans who had violated the laws of the road. Potter vs. Glassell, 146 La. 687, 83 So. 898. Even if he had made a mistake in thus driving the bus, the situation was perilous, and his purpose being to save human life for which the law has the highest regard, negligence under such circumstances cannot be imputed to him. Peyton vs. T. & P. Ry. Co., 41 La. Ann. 681, 6 So. 690; Smith vs. Interurban Trans. Co., 5 La. App. 704.

The Freemans were negligent and at fault, not the bus driver. There was no act either of omission or commission of the bus driver that was the proximate cause of the damage and defendant company was properly absolved of liability. State vs. Williams, 49 La. Ann. 1148, 22 So. 759.