No. 692

First Circuit

HUNT v. JONES

(October 8, 1930. Opinion and Decree.)

Lindsay W. McDougall, of Covington, attorney for plaintiff, appellant.

Brock & Carter of Franklinton, attorneys for defendant, appellee.

MOUTON, J. Plaintiff, while driving a Buick auto eastward towards Mandeville,

as he crossed a bridge over Bogue Falaya river, collided on the east end of the bridge with a Ford truck in which defendant was going westward.

Plaintiff is suing defendant for $558 for alleged damages to his car.

His demand was rejected.

The Ford truck defendant was driving was loaded with about 130 melons, which weighed 2500 pounds. It was going at 15 miles an hour, a moderate rate of speed. An auto driven by a lady in which were several children, as he was nearing the bridge, drove ahead of him. He followed the auto at a distance of about 30 feet, when this lady driver, suddenly, abruptly, and without warning, stopped her auto close to the east end of the bridge. The situation, in which without his fault defendant was thus unexpectedly placed, required quick thinking and prompt action. He says he saw plaintiff's car as he turned to his left to go around the lady's car that had stopped in front of him; that plaintiff's car was then near the middle of the bridge and about 100 feet away from him. He took that course, he said, to avoid striking the car in which was this lady and children, thinking as he did on the spur of the moment, that plaintiff could stop his car before colliding with his truck. His only thought, he says, was to save the life of this woman and these children. No doubt, he was prompted by that commendable impulse, as he was driving a truck with a heavy load from which little danger could have resulted to him if he had collided with the lady's auto then at a standstill.

The proof is that he did all in his power to stop his truck as he went around, and succeeded in stopping it just as its front end was on an even line with the front end of the lady's auto. It is therefore apparent that if he had not made that turn to the left he would have crashed in the back of the lady's car, which in all likelihood would have resulted in serious injury to her or to the children. It therefore appears from the physical facts of the case that plaintiff had correctly figured that he could not have stopped the truck before colliding with the lady's car had he attempted to stop it instead of going around to his left. He made a mistake, however, in thinking, when he turned around, that plaintiff, then on the bridge about 100 feet away, would stop his car in time to avoid the impact which occurred with defendant's truck. The preponderance of the proof is to the effect that the brakes on plaintiff's car were in bad condition. It was shown that there was an incline towards the east end of the bridge. Plaintiff says, when he saw the truck coming from around the lady's auto, that he immediately applied his brakes. If he did, the reasonable inference is that they did not catch, as there were no marks on the planks of the bridge, which one of the witnesses says would have been there had there been any sliding of plaintiff's car. The proof is also that defendant's truck was barely moving when plaintiff's car ran into it, which is another circumstance indicating that the brakes on plaintiff's car were, at least inefficient.

In the case of Vincent v. Teche Transfer Company, 8 La. App. 323, it was shown that a car which was being driven eastward came down on the incline of a railroad track and suddenly appeared in front of a bus which was moving from New Iberia to Lafayette. In order to avoid striking that car, and with a view of saving human life, the bus driver veered to his right and ran into a car parked on that side of the highway. We found that the Freemans who were driving the car were at fault; that

there was no act either of omission or commission of the bus driver which was the proximate cause of the accident, and absolved the bus company from liability.

The facts are on similar lines here, in which it may be proper to add, as was found below, that the proximate cause of the accident herein was chargeable to the unknown lady who abruptly stopped her car in front of the truck, and not to defendant.

Let us say, in order to meet all the possible angles of the defense, that defendant fell into an error when he swerved his truck to the left, and that he should, under the circumstances, have gone to his right, or should, notwithstanding his apprehensions on the moment, have attempted to stop his car back of the lady's auto. The most that could be said, taking the case as above suggested, is that defendant made a mistake of judgment in following the course which he adopted to avoid a collision. He could not, however, be held for contributory negligence because he was confronted with a sudden emergency and was acting under a well founded apprehension of imminent danger. The hazards which presented themselves there had been created by the emergency which resulted from the negligent act of the unknown lady who had unexpectedly brought her car to a standstill at the head of the bridge. In such a situation a person is not expected to exercise his full judgment and reasonable faculties. If he exercises ordinary care, as we find to have been the case here, he is not negligent because he fails to exercise the best judgment. Navailles v. Dielmann, 124 La. 421, 50 So. 449, 134 Am. St. Rep. 508; Weinfield v. Yellow Cab Co., 10 La. App. 313, 120 So. 420; Pope v. Locascio, 13 La. App. 304, 126 So. 727.

The claim of plaintiff in damages was therefore properly denied.