ERNESTO v. GUTIERREZ

—

(April 13, 1931. Opinion and Decree.)
(May 11, 1931. Rehearing Refused.)

—

M. T. Woodward, Jr., of New Orleans, attorney for plaintiff, appellee.

N. A. Armstrong, Jr., of New Orleans, attorney for defendant, appellant.

HIGGINS, J. This is a suit to recover property damages alleged to have resulted from an automobile collision on the public highway in St. Bernard parish on May 11, 1929, about 4 o'clock p. m., between the plaintiff's DeSoto sedan car and the defendant's Essex automobile.

The petition alleges that the defendant was guilty of negligence in operating his car at an excessive rate of speed and in suddenly swerving from the right to the left-hand side of the road, where he came into collision with the plaintiff's automobile.

Defendant in his answer avers that he attempted to stop his automobile and due to the fact that the paved highway was slippery from rain and mud, his car skidded from the right side to the left side of the road when he attempted to apply his brakes, but that the plaintiff was at a sufficient distance away at the time to have brought his automobile to a stop, after having seen that the defendant's car was beyond control; and that, therefore, plaintiff was guilty of contributory negligence.

There was judgment in favor of the plaintiff as prayed for and defendant has appealed.

The record shows that the plaintiff was driving on the paved public highway in St. Bernard parish away from the city of New Orleans. The defendant was proceeding on the same highway towards the city. The road was straight and the accident occurred about 4 o'clock in the afternoon. It appears that it had been raining and that there was some sand or mud on the paved portion of the highway. The paved roadway is between 20 and 24 feet wide, with a gravel shoulder on both sides of about four feet. There was a truck about a hundred feet in front of defendant's car going in the same direction. As the defendant attempted to go around the truck, the plaintiff's car, which was coming from the opposite direction, was apparently in such close proximity that the defendant deemed it unwise to continue and attempted to apply his brakes, with the result that his car skidded to the left side of the road. The plaintiff, seeing the danger, drove his car to the extreme right side of the road, so that its right wheels were off the pavement and on the gravel shoulder of the highway. He had almost come to a stop when the front of the defendant's car struck the left front side of plaintiff's car, and, from the momentum and force of the impact, turned and also came into collision with the rear end of plaintiff's car, causing it to turn over on its right side in the ditch adjacent to the road.

We are of the opinion that the plaintiff has shown by a preponderance of the evidence that the defendant was guilty of negligence.

We do not believe the plea of contributory negligence is well founded, because after carefully reviewing the record we feel that the plaintiff did not have an opportunity to bring his car to a stop after ascertaining that defendant had lost control of his car because of skidding.

The evidence clearly establishes that the damages to the plaintiff's car was $115, which sum he spent to have the car properly repaired.

For the reasons assigned the judgment is affirmed at appellant's cost.