## MITCHELL v. ERNESTO et al.
### No. 14114.

Court of Appeal of Louisiana. Orleans.
May 16, 1932.

Fred G. Veith, of New Orleans, for appellant.

Neil A. Armstrong, Jr., of New Orleans, for appellee.

JANVIER, J.

Plaintiff claims damages ex delicto. There are two defendants, with only one of whom, Gutierrez, we are at this time concerned.

Being unable to effect service of citation upon Gutierrez, who, in the original petition, was alleged to be a resident of the city of New Orleans, plaintiff filed a supplemental petition in which she averred that said defendant "is presently out of the state and that a curator ad hoc should be appointed to represent him and stand in judgment herein."

In accordance with the prayer of the said supplemental petition, Neil A. Armstrong, Jr., an attorney at law, was appointed curator ad hoc to represent Gutierrez.

The said curator thereupon filed a limited appearance, in which he challenged the jurisdiction of the court, contending that an absent defendant in a purely personal action cannot be brought into court through a curator ad hoc. The plea was sustained and the suit dismissed as to Gutierrez. Plaintiff has appealed.

In the court below plaintiff's attorney testified that he had obtained information to the effect that Gutierrez had been in New Orleans shortly before the suit was filed and that he was again in New Orleans some two months thereafter.

If the allegation in the supplemental petition to the effect that Gutierrez "is presently out of the state" be interpreted as meaning that Gutierrez was, at the time of the filing of the supplemental petition, a nonresident, then, manifestly, no personal judgment could have been obtained against him through a curator ad hoc, for, in Pennoyer v. Neff, 95 U. S. 714, 727, 24 L. Ed. 565, the Supreme Court of the United States said:

"Where the entire object of the action is to determine the personal rights and obligations of the defendants, that is, where the suit is merely in personam, constructive service in this form upon a non-resident is ineffectual for any purpose."

In the syllabus of that case appears the following:

"A personal judgment is without any validity, if it be rendered by a State court in an action upon a money-demand against a non-resident of the State, who was served by a publication of summons, but upon whom no personal service· of process within the State was made, and who did not appear. * * *"

■ If, on the other hand, the allegations of the two petitions with reference to the domicile and temporary absence of Gutierrez, taken with the testimony to which we have referred, be interpreted as meaning that he was and remained a resident and was only temporarily absent from the state, then plaintiff is in no better situation, for we know of no provision in the laws of this state which permit a personal action to be brought through appointment of a curator ad hoc to represent a resident temporarily absent from the state.

In Dreville v. Cucullu, 18 La. Ann. 695, we find that: "A defendant who is domiciled in this State cannot be cited through a curator ad hoc, when he is absent from the State and not represented by an agent.".

Neither of the cases to which we have referred has been overruled, and we are well convinced that the doctrine announced in each is well settled and is recognized as being in effect at this time.

The judgment appealed from is affirmed, at the cost of appellant.

Affirmed.