ORY v. BOSIO et ux. *

No. 14302.

Court of Appeal of Louisiana. Orleans.

April 24, 1933.

M. C. Scharff, of New Orleans, for appellant.

Jos. A. Casey, of New Orleans, for appellees.

HIGGINS, Judge.

On July 28, 1931, plaintiff sued the defendants in solido for damages for personal injuries alleged to have been sustained on August 30, 1930, in an automobile collision. The petition alleges that the defendants are of the full age of majority and residents of the city of New Orleans.

The deputy sheriff made several attempts to serve the citation upon the defendants at their residence on Carrollton avenue, where they had lived for three years, but was unable to do so because the defendants had left the city of New Orleans on July 25, 1931, and sojourned in Texas until midnight of August 30, 1931. On August 27, 1931, the deputy sheriff made a return that he was unable to find or locate defendants after a diligent search and inquiry because he was creditably informed that they were out of the state.

On the same day plaintiff filed a motion setting up these facts, together with the additional fact that the defendants had left no agent in the city upon whom service of citation could be made, and requested that a curator ad hoc be appointed to represent the absent defendants upon whom service of the citation and a copy of the petition might be made. The citation and petition were served the same day upon the duly appointed and qualified curator, who filed a return on September 29, 1931, to the effect that he had communicated by mail with the defendants and was thereafter informed by Joseph A. Casey, a practicing attorney and member of this bar, that he would represent the defendants.

On September 30, 1931, defendants, through Mr. Casey, filed an exception of want of prop-

er citation, contending that the citation upon the curator ad hoc was null and void and of no effect because they were domiciled in the city of New Orleans, and the action being one in personam, the court had no authority to appoint a curator ad hoc to represent them.

The exception was sustained by the trial judge and the plaintiff has appealed.

We believe the decision of this court in Mitchell v. Ernesto et al., 141 So. 818, is in point and decisive of the issues presented. In that case we held (syllabus):

"Personal judgment could not be obtained against nonresident, without personal service, through curator ad hoc.

"Personal action cannot be brought against temporarily absent resident, without personal service, through appointment of curator ad hoc to represent him."

See, also, Succession of Macheca, 147 La. 171, 84 So. 574, and Hobson et al. v. Peake, 44 La. Ann. 383, 10 So. 762.

For the reasons assigned the judgment is affirmed.

Affirmed.