151 So. 187

**ORY v. BOSIO et ux.**

No. 32451.

Oct. 30, 1933.

Rehearing Denied Nov. 27, 1933.

M. C. Scharff, of New Orleans, for plaintiff.

Joseph A. Casey, of New Orleans, for respondents.

BRUNOT, Justice.

This case is fully and accurately stated in the opinion of the Court of Appeal, from which we quote the following:

"On July 28, 1931, plaintiff sued the defendants in solido for damages for personal injuries alleged to have been sustained on August 30, 1930, in an automobile collision. * * *

"The deputy sheriff made several attempts to serve the citation upon the defendants at their residence on Carrollton avenue, where they had lived for three years, but was unable to do so because the defendants had left the city of New Orleans on July 25, 1931, and sojourned in Texas until midnight of August 30, 1931. On August 27, 1931, the deputy sheriff made a return that he was unable to find or locate defendants after a diligent search and inquiry because he was creditably informed that they were out of the state.

"On the same day plaintiff filed a motion setting up these facts, together with the additional fact that the defendants had left no agent in the city upon whom service of citation could be made, and requested that a curator ad hoc be appointed to represent the absent defendants upon whom service of the citation and a copy of the petition might be made. The citation and petition were served

the same day upon the duly appointed and qualified curator, who filed a return on September 29, 1931, to the effect that he had communicated by mail with the defendants and was thereafter informed by Joseph A. Casey, a practicing attorney and member of this bar, that he would represent the defendants.

"On September 30, 1931, defendants, through Mr. Casey, filed an exception of want of proper citation, contending that the citation upon the curator ad hoc was null and void and of no effect because they were domiciled in the city of New Orleans, and the action being one in personam, the court had no authority to appoint a curator ad hoc to represent them.

"The exception was sustained by the trial judge and the plaintiff has appealed."

The Court of Appeal cites Mitchell v. Ernesto et al., 141 So. 818; Succession of Macheca, 147 La. 171, 84 So. 574; Hobson et al. v. Peake, 44 La. Ann. 383, 10 So. 762, and, basing its decree on the cited cases, affirmed the judgment of the lower court. A rehearing was refused, the plaintiffs' application to this court was filed and granted, the record has been sent up, and the matter is now before us for review.

▆ The relator relies upon subdivision 15, section 1 of Act No. 179 of 1918, and on Brannin v. Clements (La. App.) 142 So. 621, 622.

The respondents contend that subdivision 15 of section 1 of Act No. 179 of 1918 does not apply in a case such as this, or, in the alternative, that subdivision 15 of section 1 of the act is unconstitutional. Substantially the same defenses were urged in the Brannin-Clements Case. That case was decided by the Court of

Appeal, First Circuit, and on the defendant's application to this court for a writ of certiorari we refused to grant the writ. In the Clements Case, as in this, the suit was for damages for personal injuries resulting from an alleged automobile accident. The defendant was a resident of East Baton Rouge parish, but she was absent from the state and she had left no one in Louisiana upon whom process might be served. In maintaining the constitutionality of the act, the court in that case said:

"This brings us to the consideration of the defense by the exceptor that the service of citation, through the curator, was not in compliance with due process of law, and therefore unconstitutional."

The court then quotes subdivision 15 of section 1 of Act No. 179 of 1918, and, after stating the facts of the case and the purpose of citation, says:

"This method of service is, we think, fair and safe, really safer than the domiciliary service, and constitutes due process of law, and is neither objectionable nor unconstitutional, as contended for by defendant. Counsel for defendant says our Supreme Court has never passed on the constitutionality of the act under consideration, and that, though the courts are divided on this subject, the better rule is that such statutes are unconstitutional. We do not so find and hold that the substituted service provided for in the statute under discussion constitutes due process of law, and is not amenable to the objection urged by learned counsel for defendant."

We have read the cases upon which the Orleans Court of Appeal bases its judgment. There is no reference in those cases to Act

No. 179 of 1918. In fact, the Hobson-Peake Case was decided twenty-six years before the adoption of that act, and we fail to see, except in so far as the obiter in Succession of Macheca may be relied upon, the application of that case to the facts of this case. The issue in Succession of Macheca was whether or not a judgment, rendered in another state in favor of a nonresident creditor and against a nonresident debtor, could be made executory in this state without personal citation of the debtor, or the seizure of the debtor's property.

In the case of Mitchell v. Ernesto, Judge Janvier says:

"If the allegation in the supplemental petition to the effect that Gutierrez 'is presently out of the state' be interpreted as meaning that Gutierrez was, at the time of the filing of the supplemental petition, a nonresident, then, manifestly, no personal judgment could have been obtained against him through a curator ad hoc, for, in Pennoyer v. Neff, 95 U. S. 714, 727, 24 L. Ed. 565, the Supreme Court of the United States said: 'Where the entire object of the action is to determine the personal rights and obligations of the defendants, that is, where the suit is merely in personam, constructive service in this form upon a nonresident is ineffectual for any purpose.'
* * *

"If, on the other hand, the allegations of the two petitions with reference to the domicile and temporary absence of Gutierrez, taken with the testimony to which we have referred, be interpreted as meaning that he was and remained a resident and was only temporarily absent from the state, then plaintiff is in no better situation *for we know of no provision in the laws of this state* which permit a personal action to be brought through appointment of a curator ad hoc to represent a resident temporarily absent from the state." (Italics by the writer.)

The Mitchell-Ernesto Case was decided May 16, 1932. It is therefore manifest that the court and counsel overlooked the provisions of Act No. 179 of 1918. Subdivision 15 of section 1 of that act is as follows:

"(15) Where the defendant in any suit or proceeding has his legal domicile in the parish where a suit is pending but has no agent or other legal representative in the parish, and no fixed place of residence, with a person living there competent to receive service of process, and is shown by proof to the court to be in another State, then the court on proper application may appoint a curator ad hoc to represent him, and upon whom service may be made."

The evident purpose of the General Assembly was to provide for the service of process upon residents of this state who are temporarily absent from the state and who have no representative in the state upon whom process might be served. Subdivision 15 of section 1 of the act in express terms, applies only to residents of this state, just as do the Codal provisions relating to domiciliary service, and to the same extent it is not subject to attack as violative of the due process clause of the Federal (Amend. 14) or State Constitutions (Const. 1921, art. 1, § 2).

For the reasons stated, the judgment of the Court of Appeal, under review, and the judgment of the civil district court are reversed,

and the case is remanded to the civil district court to be proceeded with according to law and the views herein expressed.