### MITCHELL v. ERNESTO et al.*
### No. 14776.

Court of Appeal of Louisiana. Orleans.
March 12, 1934.

Fred G. Veith and M. C. Scharff, both of New Orleans, for appellant.

J. C. Henriques and Harry M. Mayo, Jr., both of New Orleans, for appellee.

JANVIER, Judge.

Plaintiff, Mrs. Julia Mitchell, was a guest passenger in an automobile owned and driven by Frank Ernesto, when that car and another, owned and driven by Clarence J. Gutierrez, came into collision, resulting in a suit by Ernesto against Gutierrez, in which our opinion and decree on appeal is reported in 16 La. App. 550, 134 So. 114, 115, under the title Ernesto v. Gutierrez.

In that matter Ernesto claimed from Gutierrez reimbursement for the damage sustained by his automobile, charging that the accident had resulted solely from the negligence of Gutierrez.

The main defense there was a plea of contributory negligence, which plea was based on the contention that as the two automobiles approached each other on the highway Ernesto should have seen that the Gutierrez car was out of control and should have stopped his car entirely. We felt that the evidence did not justify a finding that Ernesto's failure to stop constituted contributory negligence, and we said:

"We do not believe the plea of contributory negligence is well founded, because, after carefully reviewing the record, we feel that the plaintiff did not have an opportunity to bring his car to a stop after ascertaining that defendant had lost control of his car because of skidding."

It is unnecessary that we restate all of the fundamental facts of the accident, and we shall, therefore, set forth only the particulars in which the case now before us differs from the earlier case to which we have referred.

When this suit was filed, both automobile drivers were sought to be made defendants and plaintiff attempted to effect service of citation upon the defendant Gutierrez by provoking the appointment of a curator ad hoc, since it was alleged that the said Gutierrez,

*Rehearing refused March 26, 1934. Writ of certiorari denied May 21, 1934.

though a resident of New Orleans, was at the time out of the state.

The curator filed a limited appearance, contending that "an absent defendant in a purely personal action cannot be brought into court through a curator ad hoc."

This contention was sustained below and the suit dismissed as to Gutierrez. On appeal we affirmed that judgment. See Mitchell v. Ernesto et al., 141 So. 818. But see Ory v. Bosio, 178 La. 221, 151 So. 187, in which the Supreme Court held that because of the provisions of Act No. 179 of 1918 a temporarily absent resident may be cited through a curator ad hoc.

When the matter was reached for trial on the merits, only one defendant Ernesto was interested, and, after trial, judgment was rendered in his favor dismissing the suit. Plaintiff appealed.

The claim against Ernesto, of course, can be sustained only if he is shown to have been negligent, and counsel for plaintiff concede that, since we have already held in the cited case that there was no negligence on Ernesto's part, they are under the necessity of pointing out evidence in this record which will warrant our adopting a view different from that which we reached in the earlier case.

They point to one statement of Ernesto in this record which differs rather strikingly from statements made by him in the other case, and they assert that this difference is sufficient to justify a contrary conclusion. It will be noted that we held that the failure of Ernesto to stop his car when he noticed the Gutierrez car skidding towards him and zigzagging back and forth across the highway did not constitute negligence on the part of Ernesto because he " 'did not have an opportunity to bring his car to a stop.' "

In that record Ernesto had testified that when he first became aware of the fact that the other car was out of control the two cars were only a very few feet apart.

In the record now before us appears the statement by Ernesto that when he first realized that the other car was out of control it was about sixty feet away from his car.

Obviously, if the two cars were sixty feet apart, Ernesto, whose car at that time was running at a speed of only four or five miles per hour, could have brought his to a stop, and it is contended that his failure to do so constituted negligence on his part. It is further argued that, had he brought it to an immediate stop, the other car would have skidded into the ditch and there would have been no collision, and there then results the assertion that his failure to stop was the proximate cause of the accident.

But this argument is based upon the false premise that, regardless of the facts and circumstances, there is an absolute duty in an automobile driver, who is confronted with a sudden emergency, to bring his car to an immediate stop.

It is probably true that in most cases there is such a duty, but we can easily picture in our minds hypothetical situations in which the apparently wiser course would be to drive to one side or the other of the highway rather than to stop, and, whenever such is done under circumstances which warrant the conclusion that a reasonably careful and experienced driver would have done the same thing, the fact that some other course might have averted an accident does not require the conclusion that the course adopted was a negligent one.

Here the evidence shows that when the Gutierrez car was first seen to be out of control it was sixty feet away and was skidding and zigzagging along the road, first to one side and then to the other. Who could say that the safest course for Ernesto to pursue would be to stop in the roadway? It appeared to him safer to drive off the paved portion of the roadway and to place his car on the extreme edge of the graveled shoulder. This he attempted to do, but, in the few seconds which intervened, there was no time to complete the maneuver and to also stop his car, and, just before his car could be brought to a complete halt, the other car made a sudden lunge towards it and struck it, knocking it over into the ditch.

That it should have done this at this particular point was purely the result of chance. It might just as well have skidded a few feet further along the road to the point at which the Ernesto car would have been stopped had Ernesto adopted the other course. At any rate, Ernesto did what he thought was safest and the evidence does not show that what he did would not have been done by any other ordinarily prudent and experienced driver.

We answer the contention strenuously made by counsel for plaintiff that under all circumstances, wherever there is an emergency, a stop must be made, by stating that our view of the law is that there cannot be prescribed any particular set of rules as to what must be done in any sudden emergency. In Ruling Case Law, vol. 20, p. 135, § 111, appears the following:

"There is no rule of law which prescribes any particular act to be done or omitted by a person who finds himself in a place of danger. In the variety of circumstances which constantly arise it is impossible to announce such a rule. The only requirement of the law is that the conduct of the person involved shall be consistent with what a man of ordinary prudence would do under like circumstances."

Of course, usually the safest course is to stop where danger presents itself, but there may be cases in which rules of conduct and, in fact, traffic laws, should be disregarded. In Blashfield's Cyclopedia of Automobile Law, vol. 1, p. 279, § 25, it is said that:

"Traffic laws for public thoroughfares, whether based upon the law of the road or an ordinance or statute, are made for the protection of the public, and an emergency may arise where, to escape danger to one's self, or to prevent injury to others, they may and should be disregarded, as where a motorist would either be struck by an approaching car or would run over a pedestrian if he followed the traffic rules."

Berry, in his well-known work on Automobiles (4th Ed.) p. 254, § 252, illustrates the rule as follows:

"Where plaintiff was forced to drive off the macadamized portion of the highway by the negligent conduct of defendant's driver, whether or not he was negligent in failing to stop before his automobile collided with a pole was a question for the jury, and an instruction that it was his duty to stop if he could safely do so was properly rejected, because it disregarded a possible finding that the plaintiff acted in an emergency."

And in Huddy's Cyclopedia of Automobile Law (9th Ed.) vol. 17-18, pp. 281, 282, § 144, it is said that:

"* * * A motorist, motorcyclist, bicyclist, or pedestrian, when confronted by a sudden emergency, will not be held guilty of contributory negligence as a matter of law, merely because he errs in judgment in choosing between alternatives; but it is for the jury to determine whether an emergency existed, the cause thereof, and whether a motorist, motorcyclist, bicyclist, or pedestrian acted with due care under the circumstances."

In Corpus Juris, vol. 45, p. 965, § 517, the sudden emergency rule is set forth in the following language:

"* * * Where by the negligence of another, one is compelled to choose instantly between two hazards, he will not be guilty of contributory negligence, although the one he selects results in injury and he might have escaped had he chosen the other, or had he done nothing at all."

There have been many cases in which, in this state, it has been held that failure to stop does not prove negligence, if, in a sudden emergency, some other course of conduct appears safer:

"Let us say, in order to meet all the possible angles of the defense, that defendant fell into an error when he swerved his truck to the left, and that he should, under the circumstances, have gone to his right, or should, notwithstanding his apprehensions on the moment, have attempted to stop his car back of the lady's auto. The most that could be said, taking the case as above suggested, is that defendant made a mistake of judgment in following the course which he adopted to avoid a collision. He could not, however, be held for contributory negligence because he was confronted with a sudden emergency and was acting under a well founded apprehension of imminent danger." Hunt v. Jones, 14 La. App. 520, 130 So. 138, 139.

"Let us say, however, that Stafford, on seeing the machine, instead of going around it, should have applied his brakes to stop his car. Accepting this view of the case, he would not, however, be responsible in damages, because the defendants by permitting the machine to remain on the highway, without lights, had by their own fault created an emergency there, and from which it follows that defendants had created two hazards with which Stafford was suddenly confronted. In being placed in such a perilous position, he had to take the risks of applying his brake or of attempting to go around the machine so as to avoid striking it. We are of the opinion that he actually exercised the ordinary care which any prudent person would have taken confronted, as he was, with imminent danger to his life or bodily harm. Even if he did not exercise the best judgment considering the situation in which he had been placed by the inexcusable negligence of the defendants, he cannot be held liable for the results of the collision." Stafford v. Nelson Bros., 15 La. App. 51, 130 So. 234, 236.

"There were two hazards which suddenly presented themselves, and which were created by the fault of defendant's employee. Plaintiff, in order to avoid injury or disaster, had to choose between the two hazards by either applying his brakes or to turn to his right and attempt to pass between the trailer, pipes, and the corner of Alvin street. In such a situation a person is not expected to exercise his full

judgment and his reasoning faculties." Holloway v. Pure Oil Co., 17 La. App. 584, 135 So. 381, 384, 136 So. 748.

See, also, Pope v. Locascio et al., 13 La. App. 304, 126 So. 727, 729.

The case of Kelly v. Schmidt & Zeigler, 142 La. 91, 76 So. 250, is not in point, nor are the cases cited in the supplemental brief, because in each of them is announced merely the general rule that usually the safest thing to do in the face of danger is to stop.

Except in the one particular to which we have referred, we find that the evidence tendered on the trial of this case differs from that offered in the earlier case only in unimportant particulars and to an extent which is to be expected to be found where witnesses testify from memory at different times about the same occurrence. We do note, however, that plaintiff herself is shown to have made a statement shortly after the accident in which she, referring to Ernesto, the defendant, said that he had driven as far as possible over to the side of the road and that "I consider him blameless in this accident."

We find no fault in defendant. Consequently,

The judgment appealed from is affirmed.

Affirmed.