## TIRCUIT v. ISOM.

### No. 16422.

Court of Appeal of Louisiana. Orleans.

June 22, 1936.

On Rehearing Nov. 16, 1936.

Matthew A. Grace and John M. Culver, both of New Orleans, for appellant.

Hugh M. Wilkinson, A. Miles Coe, Fred W. Oser, and Geo. M. Leppert, all of New Orleans, for appellee.

McCALEB, Judge.

The plaintiff filed this suit for damages against the defendant, Miss Edna Isom, claiming that she is indebted to him the sum of $151.94 for this, to wit:

On June 17, 1935, at about 5:30 p. m., the plaintiff was driving his Ford sedan on the river side roadway of South Claiborne avenue in the city of New Orleans in the direction of Canal street. In the course of his journey, it was necessary for him to cross the bridge over the New Basin Canal at South Claiborne avenue. This avenue is a through traffic street under the city ordinance (No. 13,702 C.C. S.), having a double roadway separated by a neutral ground, the roadways converging at a point where the vehicles traveling thereon are compelled to traverse the New Basin Canal bridge.

Plaintiff alleges that when his car was within approximately five feet of the entrance of the bridge, it was struck on the left side by the bumper and wheels of a Chevrolet coach owned and driven by the defendant, which was proceeding on Howard avenue in the direction of the Mississippi river.

Howard avenue, at and near the point of the accident, is a two-way thoroughfare running along the south bank of the New Basin Canal and the city ordinance requires that vehicles proceeding on this street stop before entering the intersection of South Claiborne avenue.

The plaintiff further alleges that the accident was caused through the negligence of the defendant in failing to stop for the traffic on South Claiborne avenue and further that she was driving at an excessive rate of speed, viz., over thirty miles per hour; that she failed to accord to plaintiff the right of way which he was entitled to under the law. He further avers that the defendant could have easily avoided the accident if she had been looking ahead for traffic on South Claiborne avenue. The petition further sets forth that the automobile of defendant struck the left side of plaintiff's car with such force that it was thrown from its course and overturned on its right side in a position diagonally across the roadway. The petition concludes with the allegation that, by reason of the foregoing, plaintiff has been damaged in the sum of $151.94, which is made up of two items, one for the prop-

erty damage to his automobile and the other for doctor's bills paid by him on account of injuries sustained by his wife.

The defendant answered admitting the accident, but denying negligence on her part. She also pleaded, in the alternative, that if she should be found guilty of negligence, then the plaintiff was guilty of contributory negligence barring recovery in that he was operating his car at an excessive rate of speed and was not keeping a proper lookout; that he disregarded her right of way and attempted to beat her across the intersection and failed to stop when he must have known that a collision was imminent. Coupled with the answer, defendant has filed a reconventional demand, but we are not concerned with that claim because counsel informs us that it has been abandoned.

The trial was had, which resulted in the dismissal of plaintiff's suit, and he has appealed.

The only questions presented for our determination are, first, whether the defendant was negligent, and, second, if we find that defendant was negligent, was the plaintiff guilty of contributory negligence?

The amount of damage sustained by the plaintiff is not disputed.

■ A perusal of the record has convinced us that the defendant was negligent. The testimony of the plaintiff, which is substantially corroborated by the other occupants of his automobile, viz., his wife, his brother-in-law, and his sister-in-law, is to the effect that, while he was traveling on South Claiborne avenue at a speed of approximately twenty miles an hour and had passed the converging line of the river side roadway of South Claiborne avenue, he saw the defendant, about fifteen feet to his left, driving her Chevrolet automobile on Howard avenue into the intersection of South Claiborne avenue; that she entered the intersection after the plaintiff had arrived and pre-empted the intersection of said streets; and that she struck his car such a violent blow on the left side with her front bumper so as to turn it over on its right side.

This evidence is ratified by that of one Johnson, who, just prior to the collision, was driving his car over the New Basin Canal bridge, proceeding uptown or in the direction opposite from that of plaintiff's car. He states that as he was traversing the bridge he noticed the defendant coming from his right on Howard avenue in the direction of the Mississippi river; that she did not slow down, or stop at the intersection of Howard avenue; that he accelerated the speed of his car, barely escaping a collision with her car, and, immediately after he had passed successfully in front of it, he heard the crash occurring between her car and the car of the plaintiff.

The story told by all of these negro witnesses is clear and convincing, and we see no reason to doubt their veracity. It is true that there are some minor variations in their statements, but these are inconsequential.

The defendant was driving alone at the time of the accident and she has produced no eyewitnesses to the occurrence. She testifies, in substance, that she was driving along Howard avenue in the direction of the Mississippi river; that, upon reaching the intersection of Howard and Claiborne avenues, she stopped her car because there was a line of traffic moving uptown and waited for the traffic flow to cease; that, upon finding a space, she crossed over the intersection of Claiborne avenue, and, as she was coming into the downtown lane, she noticed the plaintiff's car speeding on her; that she immediately applied her brakes and, as she did, the plaintiff's automobile struck the bumper of her car and tore it off; that he continued on and, just at the entrance of the bridge, his car turned over.

Even were we disposed to disregard the testimony of plaintiff and his witnesses, we would be bound to hold the defendant guilty of negligence on her own statement, for, on cross-examination, when asked why she did not stop her automobile before entering the intersection, she answered, "I did. There was heavy, oncoming traffic and I stopped there and waited for them and *I looked at the bridge and I didn't see anything else coming and I proceeded to cross* and before you get out of one lane you (get) into the other lane and, as I was getting into the other lane, the bumper of my car was struck by this downcoming car." (Words in italics and in parentheses ours.) It will be observed from the above statement that the attention of the defendant was at all times focused upon the uptown traffic upon the bridge and that she looked at the bridge and then started to cross, whereas it was

100

equally her duty to look for downtown traffic, and to refrain from traversing the intersection until such time as the street was clear of traffic proceeding in either direction.

Being of the opinion that defendant was guilty of negligence, we next consider whether the plaintiff was guilty of contributory negligence.

■ The testimony of plaintiff and his witnesses is consistent with the physical facts. It seems extraordinary that his car could be turned over if the defendant had been traveling at the slow speed she attempts to portray. Moreover, the defendant's statement that the plaintiff's car struck her bumper and tore it off is in discord with the pictures of the plaintiff's car taken after the accident in its damaged condition. There is nothing in the record which shows that the plaintiff's automobile was exceeding a speed of twenty miles an hour other than defendant's testimony that he was speeding on. When asked to approximate the speed of plaintiff's car, defendant estimated it at about thirty miles an hour, admitting that she is not a good judge of speed and that the plaintiff was proceeding at the usual rate one travels on Claiborne avenue.

■ The plaintiff testified that when he was at a distance of approximately ten feet from the car of the defendant, believing that an accident was imminent, he increased the speed of his car in the hope of averting it. Defendant's counsel argues that the foregoing statement convicts the plaintiff of contributory negligence because he should have applied his brakes instead of accelerating the speed of his automobile. While it may be probable that the plaintiff did not do the best thing to avoid the accident, it must be remembered that his statement is based upon the premise that when the defendant was ten feet from him he was under the belief that an accident was imminent. In other words, he was confronted with an emergency caused by the negligence of the defendant, and it has been repeatedly decided that under these circumstances a person is not held to the exercise of the same presence of mind and deliberate judgment as one who apprehends the danger and has sufficient time to avoid it. See Martin v. Cazedessus, 15 La.App. 100, 130 So. 129; Hunt v. Jones, 14 La.App. 520, 130 So. 138, 139; Rosen v. Lloveras (La.App.) 148 So. 734; Downey v. Dittmer (La.App.) 151 So. 653.

In our opinion the plaintiff has proved his case by a preponderance of the evidence and is, therefore, entitled to recover.

For the reasons assigned, the judgment appealed from is annulled, avoided, and reversed, and it is now ordered that there be judgment in favor of the plaintiff, Joseph A. Tircuit, and against the defendant, Miss Edna Isom, in the full sum of $151.94, with legal interest from judicial demand and all costs.

Reversed.

### On Rehearing.

A reconsideration of this case convinces us of the correctness of our former decree.

For the reasons assigned, our original opinion and decree herein are reinstated as the final judgment of this court.

Original decree reinstated.