MURRAY S. RAYMOND v. W. H. KAISER AND ANOTHER.[1]

December 30, 1938.

No. 31,868.

[1]Reported in 283 N. W. 119.

*J. Frank Boyles* and *Leslie C. Scholle,* for appellants.

*Carl G. Christensen* and *George C. Stiles,* for respondent.

HOLT, JUSTICE.

In this action to recover damages for personal injuries plaintiff sustained when a car owned and driven by defendant Kaiser collided with the car of plaintiff, the jury returned a verdict for plaintiff. Defendants' motion for judgment notwithstanding the verdict or a new trial being denied, they appeal.

The assignments of error present only the question of defendants' right to judgment notwithstanding the verdict, and, if that be denied, their right to a new trial on ground of misconduct of plaintiff's counsel.

The facts that gave rise to the action are in brief: At about three o'clock in the afternoon of December 24, 1936, plaintiff in his Ford coupé was driving out of St. Cloud toward Little Falls. In the seat with him were Mr. and Mrs. Henry Seiffert and their infant child. About a mile northwest of St. Cloud, upon paved trunk highway No. 10, there running in a straight northwesterly direction and practically level, the Ford overtook a large oil truck traveling at a speed of about 15 miles an hour. Plaintiff did not wish to drive behind the truck, so he pulled to the left to pass, but noticed a meeting car some two or three blocks ahead and concluded it to be safer to drop back and stay behind the truck. It was misting or drizzling, and the pavement was glazed with a thin film of ice,

but the shoulders were wide, bare, and level. As plaintiff slowed down to drop back the car skidded to the right, but, when the right wheels encountered the shoulder, plaintiff got control of the car and straightened it out and then attempted to swing back upon the pavement. As he so attempted, the car again slid or skidded out of control diagonally across the pavement to the left shoulder, the rear end swinging back so as to present the left front to the oncoming Plymouth owned and driven by defendant Kaiser, in the service of his employer, the other defendant. In striking the shoulder the engine of plaintiff's car died, and in a second or two Kaiser's car crashed into the front left side of plaintiff's car, inflicting severe injuries upon him for which the jury returned a verdict in the sum of $13,500. Kaiser alleged that the collision was due to plaintiff's negligence, and counterclaimed. He testified that his car was damaged in the sum of $450.

The record has been examined with care, and we conclude that the jury could find that plaintiff, without negligence on his part, found himself upon the wrong side of the pavement. It could also find that if Kaiser had used due care after discovering plaintiff's peril the collision could have been avoided. There was evidence that Kaiser was from 150 to 200 feet away from plaintiff's car as it struck the left shoulder. Also, that there was room to have passed either to the left or to the right of the Ford. Whether the Ford was moving forward at eight miles an hour at the moment of the impact, as Kaiser claims, or whether its engine was dead, as plaintiff and the Seifferts claim, was for the jury. As to the speed of the Plymouth, the jury could arrive at a different conclusion than that estimated by Kaiser. It is not deemed that any good purpose would be served by giving further details of this collision or the surrounding circumstances. That because of conditions plaintiff's car, against his will and in spite of his efforts, landed upon the wrong side of the pavement is not conclusive proof of his negligence or contributory negligence. Dohm v. R. N. Cardozo & Brother, 165 Minn. 193, 206 N. W. 377; Jannette v. M. F. Patterson Dental Supply Co. 193 Minn. 153, 258 N. W. 31. None of the authorities cited by defendants involved a skidding car, out of control of the driver,

except Ernesto v. Gutierrez, 16 La. App. 550, 134 So. 114, and there the issues were left to the trier of facts. Of course plaintiff had the burden of proving that his being upon the wrong side of the highway was not due to any negligence or lack of care on his part, and also that after Kaiser discovered him in that position the latter in the exercise of due care could have avoided the collision. No complaint is made of the manner of the submission of the issues of negligence and contributory negligence. As we read the record, both were for the jury. Neither could be decided by the court as a matter of law. Hence defendants are not entitled to judgment notwithstanding the verdict, nor to a new trial on account of the insufficiency of the evidence.

A new trial is asked for misconduct of counsel in opening his final address to the jury. After overly much praising the professional ability of the defendants' attorney, in order to disparage his own to the jury, this was said: "Individuals like Mr. Raymond are sometimes obliged to employ lawyers who are not so quickwitted, alert, and equipped with the financial assistance and ability to rake the countryside and bring in every possible bit of evidence that may favor them." Upon the attorney for defendants objecting to that sort of argument and asking the court to admonish the jury to disregard the same, the court said: "I don't think that has anything to do with this lawsuit, Mr. Stiles." We think that were any instruction needed to the jury to disregard the objectionable argument the disapproval expressed by the court was sufficient, and no prejudice could result to defendants.

The order is affirmed.

Mr. Chief Justice Gallagher took no part in the consideration or decision of this case.