### OWENS v. MONZINGO et al.

### No. 5904.

Court of Appeal of Louisiana.
Second Circuit.

June 28, 1939.

Rehearing Denied July 17, 1939.

Writ of Certiorari and Review Denied
Oct. 30, 1939.

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, for appellant.

Irion & Switzer, of Shreveport, for appellees.

HAMITER, Judge.

Defendant, S. F. Monzingo, owns and operates a common carrier motor bus line between Shreveport, Louisiana, and Center, Texas. The route followed is via Holley and Mansfield, Louisiana. On January 23, 1936, plaintiff, a colored woman sixty years of age, boarded one of defendant's buses at Shreveport as a paid passenger with the view of traveling to Mansfield, Louisiana. Allegedly, she sustained personal injuries during the progress of the trip, and as a consequence this suit for damages was instituted.

In Article 6 of the original petition she avers: "That while thus riding in the said bus as a paying passenger and while the said bus was traveling on the said highway at a point approximately fourteen (14) miles south of Shreveport, and in the Parish of Caddo, State of Louisiana, your petitioner, through no fault of her own, was suddenly and violently thrown from her seat and her head caused to strike some object overhead forming a part of said bus, and she was knocked unconscious."

A supplemental petition, filed by reason of the district court's decree sustaining defendant's exception of no cause of action with reservation of plaintiff's right to amend, added the following allegation to said Article 6, viz: " * * * that your petitioner does not know what caused her to be thus suddenly and violently thrown from her seat, but that she is informed and believes and alleges on this information and belief that her head was struck and she was injured as a result of the negligence of the driver of the said bus in recklessly driving the left wheels of the bus off the road at a rapid and dangerous rate of speed and striking a bump or some object located to the left of and off the said road; that at the time of this accident the said driver was acting within the scope of his employment."

Defendant, in his answer, generally denies the allegations of the original and supplemental petitions and affirmatively avers that the driver of the bus was guilty of no negligence whatever.

Plaintiff's demands were rejected, after trial, and she appealed.

The bus in question departed from Shreveport on the morning of the above mentioned date. It weighed approximately 6,000 pounds and was capable of accommodating from sixteen to twenty passengers. The wide seat located in its rear was occupied by plaintiff and by another colored woman, Anna Mae Robinson. The space separating the ceiling from the tops of the heads of these persons was from twenty to twenty-three inches. No package racks or fixtures intervened.

Also on the journey were three other paying passengers. All of these were of the white race. They sat near the front of the vehicle, but behind the driver.

After approximately fifteen miles of the trip had been negotiated, a grading machine, slowly proceeding in the same direction, was encountered. The road at that point is of gravel construction and about sixteen feet in width. The bus was slowed from approximately 35 to 25 miles per hour, and was driven to the left and around the grader. During the course of this maneuver its right wheels remained on the gravel, while those on the left side rolled along the road's grassy shoulder. When the bus was some distance beyond the passed vehicle, this being variously estimated by the witnesses at from 500 yards to one-half mile, plaintiff yelled "oh", as though she was hurt. A stop was made immediately after that occurrence, and the driver and one of the white passengers went to investigate her condition and to lend assistance. Her eyes were found to be slightly closed, with tears therein, and she was slumped over and possessed a dizzy and fainty appearance. At first there was no response to the questions asked of her. After a massaging of her neck, she stated that it was hurt. The driver then

induced her to take a seat closer to the front and the trip was resumed. On reaching the town of Mansfield, plaintiff was driven to and left at the hospital there.

■ Under the law of this state relative to actions of the kind under consideration, as reflected through the jurisprudence of the courts, a prima facie case of negligence against a defendant common carrier is established when a plaintiff shows that he was a paid passenger on its vehicle and was injured while thereon. It then becomes the duty of the defendant, in order to avoid liability for the injuries sustained, to prove its freedom from any negligence, which might have caused the attending accident, sufficient in probative weight to overcome plaintiff's prima facie case. In the discharge of that duty, however, it is not encumbent on said carrier to show how and why the passenger was injured. Cusimano v. New Orleans Public Service, Inc., 170 La. 95, 127 So. 376; Wallace v. Shreveport Rys. Co., La.App., 175 So. 86.

The testimony of plaintiff is that she was sitting on the back seat of the bus "and it was rustling and juggling through the woods, and after a while this left hand wheel I suppose of the bus struck down into something like that and threw me up to the top of the bus striking my head there where two knots are right now on my head * * *." She was unable to testify as to the place along the route that the asserted accident occurred, or the position of the bus with reference to the road, or whether or not a road-grader or other vehicle was at the time being passed. All that she recalls is that she bounced up from the seat and her head hit something.

As before seen, plaintiff alleged in her supplemental petition, on information and belief, "that she was injured as a result of the negligence of the driver of the said bus in recklessly driving the left wheels of the bus off the road at a rapid and dangerous rate of speed and striking a bump or some object located to the left of and off the said road." In view of these allegations, defendant's proof dealt primarily with the actions of the bus and its driver at the time the aforementioned road-grader was being passed; because the record conclusively shows that it was only then, during the course of the entire trip, that the left wheels of the machine were off the graveled portion of the road.

The driver and all of the passengers on the bus, except plaintiff, furnished the proof offered by defendant, and these witnesses were positive that nothing unusual happened, and no extraordinary bumps or jolts occurred while passage of the grader was undertaken. Their testimony is that the bus driver reduced his speed and drove his machine carefully to the left of and around the grader with the left wheels on the grassy shoulder, and that they experienced no jolts or shocks that were more severe than the usual graveled road produces. Anna Mae Robinson, who occupied the back seat with plaintiff, states that the jolts received were not uncommon. Her testimony relative to the bouncing of plaintiff is:

"Q. Did you see her get bumped up and hit her head? A. No, sir; I did not see her. When she hollered was the only time I knew anything was the matter.

"Q. You did not see any reason for anything happening to her when she hollered? A. No, sir, I did not see anything."

In this court plaintiff's counsel contends, as disclosed by his brief, that the claimed accident and injury occurred subsequent to the passage of the road grader, or at a point within a distance of from 500 yards to one-half mile beyond that vehicle. He states: "The defendant evidently assumes that plaintiff was injured at the time the bus on which she was riding passed a road grading machine. The plaintiff's pleadings, however, fix no time of the injury, nor do they mention any road grader. Nor does the evidence show that plaintiff incurred her injury at the time the road grader was passed. On the contrary, the evidence indicates that the injury occurred about half a mile down the road after the road grader had been passed. The plaintiff yelled at the time her head was struck and the bus was immediately stopped."

■ As above shown, most of the testimony given by the driver and the passengers related to the operation of the bus at the time the road grader was passed. This condition is due to the mentioned pleadings and the fact that a majority of the questions propounded by counsel for each side concerned such occasion. However, we have studied the record in the light of the quoted contention and find the proof amply and conclusively disclosing that there was no action of the bus, following such road grader passage, that could have caused the injuries of which plaintiff complains. In fact, the evidence clearly and convincingly shows that the traveling conditions on de-

fendant's vehicle were the same throughout the trip.

The burden carried by defendant of proving that plaintiff received no injuries through the negligence of his employee, in our opinion, has been satisfactorily discharged.

Accordingly, the judgment is affirmed.