In alighting from a motor bus on which she was a paid passenger, at the corner of Seventh Street and Layton Avenue in the City of Monroe, Louisiana, during the afternoon of September 4, 1940, plaintiff, Mrs. Stella Anderson, fell to the pavement and was seriously injured.
The named municipality, being the owner and operator of the bus system of which such vehicle was a part, is made defendant in this tort action; and against it plaintiff seeks a judgment for all damages occasioned her by the accident.
In the petition it is alleged that she was injured "as a result of having fallen from the steps of said bus, which said fall was caused by the bus driver releasing the clutch or shifting gears to the bus which made the said bus move and the jerk or movement of the bus caused your petitioner to lose her balance and fall to the ground"; and said act of the driver, so she charges, constituted gross negligence, for the consequences of which his employer, the defendant herein, is responsible.
Defendant denies the allegations of fact above quoted, and generally denies responsibility for the accident and injuries, it contending that the fall resulted through no fault of the City of Monroe or the bus driver. In the alternative, contributory negligence on the part of plaintiff is pleaded.
Evidence was adduced on the issues created by the pleadings and the district court rendered judgment rejecting plaintiff's demands *Page 500 
and dismissing her suit. On a rehearing, granted on the motion of plaintiff, the mentioned decree was reinstated. Written reasons for the court's decision were assigned and are in the record.
From the judgment, plaintiff prosecutes this appeal.
There is no dispute as to the principles of law applicable to the case. These are, quoting from Owens v. Monzingo, La.App., 191 So. 581, 583, that: "* * * a prima facie case of negligence against a defendant common carrier is established when a plaintiff shows that he was a paid passenger on its vehicle and was injured while thereon. It then becomes the duty of the defendant, in order to avoid liability for the injuries sustained, to prove its freedom from any negligence, which might have caused the attending accident, sufficient in probative weight to overcome plaintiff's prima facie case. In the discharge of that duty, however, it is not encumbent on said carrier to show how and why the passenger was injured."
The announced doctrine is similarly stated in previous jurisprudence of this state, including the cases of Cusimano v. New Orleans Public Service, Inc., 170 La. 95, 127 So. 376, and Wallace v. Shreveport Railways Company, La.App., 175 So. 86.
The sole question to be determined by us is one of fact, it being whether or not there was a jerking or moving of the bus while plaintiff was exiting therefrom.
At the time of the accident, plaintiff enjoyed the age of 56 years. She was wearing, as she had worn for 21 years, an artificial limb, this substituting for her right leg that had been amputated about three or four inches below the knee. In traveling to and from her place of employment, which was the W.P.A. sewing room in the City of Monroe, she regularly patronized the bus system. The machine from which she fell had been operated for a number of years by the driver then in charge of it. On reaching the above mentioned corner it was brought to a stop; thereupon plaintiff, while following several other passengers in making an exit, attempted to descend the rear steps. She negotiated the first of these with her left foot, and as she was in the act of employing the artificial right foot on the second step the fall occurred.
Plaintiff and five of the six witnesses called by her, all but one of whom were her associates at the sewing room, testified that there was a movement of the bus causing her precipitation; however, they differed as to the amount or extent of the movement, their estimates ranging from a slight jerk to the vehicle's rolling a distance of three or four feet. The remaining witness, who likewise worked with plaintiff and who roomed at the same dwelling, was not questioned regarding the car's alleged moving; and respecting this incident, the trial judge observes that "this failure to have her testify as to the real issue is significant if not important."
For the defense, there were seven witnesses, in addition to the driver, testifying that no movement or jerking of the bus occurred from the moment of its stopping until after plaintiff had fallen.
In his effort to resolve such serious and irreconcilable conflict, the trial judge, for specific reasons given, rejected the testimony of certain witnesses on each side. Then from the evidence remaining, he concluded that defendant had adequately rebutted plaintiff's prima facie case and had discharged the burden which it carried. In this connection, to quote from his written opinion, he remarked: "I can't give all the little facts and circumstances in this case from which I got an impression, but I can say that from all the facts and circumstances I am convinced that the defendant proved by a preponderance of the evidence that it was free from negligence."
Applicable to this appeal, we think, is the well recognized doctrine that where only an issue of fact is presented and the testimony is irreconcilably conflicting and the credibility of witnesses must be passed upon, the conclusion of the trial judge will not be disturbed by the appellate court unless clearly erroneous.
Our thorough study of all the evidence in the case does not leave us with a conviction that there is manifest error in the decision appealed from.
The judgment, therefore, is affirmed.
DREW and TALIAFERRO, JJ., concur. *Page 501