**SOUTHWESTERN GREYHOUND LINES, Inc., v. BUCHANAN.**

No. 9866.

Circuit Court of Appeals, Fifth Circuit.

Feb. 24, 1942.

As Modified on Denial of Rehearing
May 14, 1942.

Virgil T. Seaberry, of Eastland, Tex., and Carl P. Springer, of Abilene, Tex., for appellant.

Warren B. Phillips, of Corpus Christi, Tex., Thomas L. Blanton, of Albany, Tex., Wm. M. Davis, of Longview, Tex., and Robert Williamson, of Tyler, Tex., for appellee.

Before FOSTER and McCORD, Circuit Judges, and DAWKINS, District Judge.

FOSTER, Circuit Judge.

This suit was originally brought by appellee, A. L. Buchanan, hereafter referred to as plaintiff, and his wife, in a state court, to recover damages for personal injuries suffered by his wife in a collision between an automobile, in which she was riding as a passenger, and a bus operated by appellant, Southwestern Greyhound Lines, Inc., hereafter called Bus Company. In the state courts a verdict was directed for defendant but a new trial was granted, after which plaintiff was allowed to take a nonsuit without prejudice. Thereafter this suit was filed in the United States District Court for the Northern District of Texas. The Bus Company denied negligence, alleged the proceedings in the state court had terminated the case, and relied on a settlement for $50 and a release executed by plaintiff and his wife. Plaintiff challenged the release as invalid on the ground of fraud and offered to return the $50 paid for it. The case was tried to a jury on conflicting evidence and resulted in a verdict for $17,500. A motion for a new trial was overruled and judgment was entered on the verdict. Before the case was submitted Mrs. Buchanan was dismissed as a party. The Bus Company assigns error to denial of a directed verdict, to a portion of the charge of the court and to the refusal of the court to give a special charge requested. These three assignments may be considered together.

The printed record contains approximately 700 pages but it is unnecessary to restate the evidence in detail.

The accident occurred on Saturday afternoon January 7, 1939, at about 5 o'clock on the public highway, some 8 miles from Albany, Texas. The car was being driven by Mrs. Brice, Mrs. Buchanan's sister. The bus collided with it from the rear. It was knocked off the road and damaged and Mrs. Buchanan was rendered unconscious by the collision. She was immediately taken to the office of Dr. D. G. Curb

at Albany and given treatment. Dr. Curb put four sutures in a cut on her forehead and she went back to Mrs. Brice's home at Albany, where she remained about three weeks before she was able to go to her home at Rising Sun. Dr. Curb visited her again at the Brice home on Sunday, January 8th. Mrs. Buchanan told him she was bruised from her hips down and was sore all over.

On Monday morning, January 9th, Frank Massey, an independent investigator, acting for the Bus Company in this transaction as a claim agent, visited Dr. Curb and obtained from him a statement, which he wrote out on the typewriter, first putting in the subject headings and having Dr. Curb dictate the details. The report stated that Mrs. Buchanan had pain from lacerations on the middle forehead, pain from skin abrasions of the right knee and pain from abrasions of the left shin and from a contusion of the left big toe; that there was no other evidence of injury of any character. In the report Dr. Curb gave as his opinion there was a condition of general soreness but there should be no disability because of injuries, and complete recovery was expected within two weeks following date of the accident. The report was addressed to the Bus Company and not to his patient or plaintiff. His statement as to the patient complaining of pain under pressure over the sternum and contusion of the area under the chin was left out of Dr. Curb's report.

After promising to pay Dr. Curb's bill of $13, which was subsequently paid by the Bus Company, Massey visited Mrs. Buchanan at the Brice's home. Mrs. Buchanan testified she was in bed in her night gown when he came, was suffering a great deal of pain and had been taking aspirin. Massey denied she was in bed when he arrived but there is no doubt that in substance he said to her, "From what your own doctor has said about you, I would imagine you would be up from your injuries. Your injuries are not permanent and you should be up and well in a short time." He had Dr. Curb's report with him but did not show it to her.

The same day, Massey interviewed plaintiff, told him about the same thing he had told his wife, that she was not permanently injured and would be up and around in about two weeks and induced him to sign a release of all his rights to recover damages, for the sum of $50. Mrs. Buchanan also signed the release a little later the same day. Plaintiff was paid the $50 by a check, which identified itself with the release and cashed it. As to the release plaintiff and his wife both testified that they did not read it before signing it and thought the $50 was to cover plaintiff's expenses in going from his home at Rising Sun to see his wife at Albany.

There was evidence tending to show that before the accident Mrs. Buchanan was strong and healthy, 25 years of age and did all her own housework. She weighed 125 pounds. At the time of the trial, October 15, 1940, her weight had gone down to 93½ pounds and she was aenemic and unable to work at all. A day or two before the trial she was examined by Dr. Snow, who testified that an X-ray examination disclosed that she had suffered a fracture of both pelvic bones, her uterus had been displaced, and she then had pus in her kidneys; that those conditions could have been caused by the accident. There was no evidence tending to show that Mrs. Buchanan had suffered any other accident or that the injuries discovered by Dr. Snow had been caused in any other way than by the accident. There was medical evidence to the contrary, particularly by Dr. Curb, who was tendered by the Bus Company.

In substance, the Judge charged the jury that if the minds of the parties met at the time Buchanan signed the release and he believed that the doctor was acting not merely for plaintiff alone but for both parties, he would be bound by the release, but if the jury should find that the statements made by the agents to plaintiff were not true but were made to induce him to make the settlement and he acted upon them, in the exercise of ordinary prudence and judgment, relying upon the statements, he could recover; that if plaintiff did not believe them, he could not recover. The judge's charge correctly stated the law of Texas, which is in line with the general jurisprudence. 7 Tex.Jur. 906, § 16; Smith v. Atchison, T. & S. F. Ry., Tex.Com.App., 232 S.W. 290; Cowan v. El Paso Electric Ry. Co., Tex.Com.App., 271 S.W. 79; Duncan v. Texas Employers' Ins. Ass'n, Tex.Civ.App., 105 S.W.2d 403; International & G. N. R. Co. v. Shuford, 36 Tex.Civ.App. 251, 81 S.W. 1189.

It is apparent the case was strictly one for the jury, whose duty it was to pass upon the truthfulness of the witnesses and the weight to be given to their evidence. There is no doubt that if the jury believed the evidence for plaintiff there was sufficient to justify them in finding that the settlement was induced by fraud.

The special charge requested, so far as applicable to the issues before the jury, was covered by the general charge. There was ample evidence to show the accident was caused solely by the negligence of the driver of the bus. The plea of former adjudication was entirely without merit. Other errors assigned are without substance and require no discussion.

The record presents no reversible error. The judgment is affirmed.