## TRI–STATE TRANSIT CO. OF LOUISIANA, Inc., v. GRIER et al.

### No. 10083.

Circuit Court of Appeals, Fifth Circuit.

April 11, 1942.

Rehearing Denied May 15, 1942.

See, also, D.C., 36 F.Supp. 26.

E. Wayles Browne and Pike Hall, both of Shreveport, La., for appellant.

---

Douglas W. McGregor, of Houston, Tex., and Leonard L. Lockard, of Shreveport, La., for appellees.

Before FOSTER, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Mrs. Annabel W. Grier was severely injured when the bus on which she was riding as a passenger collided with an automobile and ran off the road and overturned. She and her husband brought an action for damages against the bus company, Tri-State Transit Company of Louisiana, Inc. The case was tried to a jury which returned a verdict for the plaintiffs. Final judgment was entered, and the bus company has appealed contending that the verdict and judgment are unsupported by substantial evidence; the chief ground of appeal being that the court erred in overruling its motion for a directed verdict.

■ It is without dispute that Mrs. Grier was a passenger on the appellant's bus on December 17, 1939, and that she sustained serious injuries when the bus struck an automobile and overturned. The nature and extent of her injuries were fully proved at the trial. The plaintiffs established a prima facie case by proving that Mrs. Grier was injured while riding as a passenger on the defendant's bus. Owens v. Monzingo, La.App., 191 So. 581; Fernandez v. Tri-State Transit Co. of Louisiana, La.App., 194 So. 84. The plaintiffs went further in their proof, however, and introduced evidence to sustain their allegation that the bus was being operated in a negligent manner just prior to and at the time of the accident.

On the day of the accident the large thirty-seven passenger bus was loaded to capacity with passengers and baggage when it left Monroe, Louisiana, for its next scheduled stop, Rayville, Louisiana. After dark, as the bus was traveling along Highway 80, east of the Boeuf River Bridge and near the town of Rayville, it collided with a Chevrolet automobile which was traveling along the highway in the opposite direction. After the impact of the collision, the bus continued down the road for approximately two hundred feet and then ran off the pavement and traveled sixty feet more and into the ditch on the left side of the road where it overturned. Evidence for the plaintiffs was to the effect that when the collision occurred, the bus was being operated in excess of the lawful speed limit, and that it was running partially on the wrong side of the road.

The three negro occupants of the Chevrolet automobile testified as witnesses for the plaintiffs. Daniel Jones, the driver of the Chevrolet, testified that he saw the bus coming toward him about a mile away; that the bright lights blinded him; that he drove his car onto the dirt shoulder of the road; that he reduced his speed and dimmed his lights; that he could then see in front of his car; that he watched the center stripe in the road and then came back onto the road, "just barely pulling to the left to get back onto the road"; that his car was more than one foot on his right side of the center black line when the bus struck the car, "I am positive it was over a foot."

Daniel's wife, Elnora Jones, was sitting on the front seat of the Chevrolet when the accident occurred. She testified that Daniel drove onto the shoulder of the road, "slowed down real slow", and dimmed his lights; that when Daniel tried to get back on the road she could see the bus coming; and that the bus was, "Right up straddle the black line. * * * I knew the bus was going to hit us."

John Naighbor, who was riding on the back seat of the Chevrolet, testified that Daniel had driven onto the shoulder of the road, and was trying to "get back gradually on the highway", and that the car was not completely on the paved portion of the road when it was struck by the bus.

Evidence for the bus company was in direct conflict with that of the plaintiffs. The bus company introduced evidence that the bus was traveling at a lawful speed, on its proper side of the highway, and that the Chevrolet automobile ran into the bus, causing a front tire to blow out, and impairing the steering mechanism to such an extent that the driver was unable to control its course.

The positions of the automobile and the bus after the accident were clearly established. Evidence was also introduced as to marks and abrasions on the highway, and the location of broken glass and other debris at the scene of the accident.

■ Much of the evidence was in conflict, and these conflicts were properly left to the jury. We have had occasion to point out time and again that this court does not sit as a second jury to re-try fact issues, and that where, as here, the evidence is in dispute on the material facts

in issue, and the case has been fully and fairly presented to the jury, the verdict will not be disturbed on appeal. The evidence was sufficient to carry this case to the jury, and to show that the accident was caused by the negligence of the bus driver. The court properly refused to direct a verdict for the defendant. Trinidad Asphalt Mfg. Co. v. McIntosh, 5 Cir., 100 F.2d 310; Teche Lines v. Boyette, 5 Cir., 111 F.2d 579; Southwestern Greyhound Lines, Inc., v. Buchanan, 5 Cir., February 24, 1942, 126 F.2d 179; American Employers' Ins. Co. v. McLean, 5 Cir., April 6, 1942, 127 F.2d 275.

On trial of the case the bus company made the defense that its busses, including the one involved in this suit, were equipped with speed governors, and witnesses testified that the governors were "absolutely accurate" and prevented the busses from traveling at speeds of more than fifty-four miles per hour. Furthermore, the bus driver, Dees, testified that he never drove in excess of the lawful speed limits, and that up to the date of the trial he had never driven one of defendant's busses in excess of fifty-five miles per hour. Over objection of the defendant the court permitted one Mose Carter to testify in rebuttal as to the speed of busses driven by Dees on occasions subsequent to this accident. Under the circumstances shown admission of this evidence in rebuttal was not error.

Other contentions of the appellant as to the admission and exclusion of evidence, and alleged excessiveness of the verdict, are not sufficiently meritorious to require discussion here.

The verdict and judgment are supported by the evidence, and a careful review of the record discloses no reversible error. The judgment is affirmed.