**ROUNDTREE et al. v. POST.**
No. 10512.

Circuit Court of Appeals, Fifth Circuit.
March 16, 1943.

Rehearing Denied April 10, 1943.

Richard H. Switzer, Simon Herold, and D. H. Perkins, all of Shreveport, La., for appellants.

L. L. Lockard, of Shreveport, La., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Frank Post was injured when his bicycle and a truck collided at a street intersection in the City of Shreveport, Louisiana. The truck was being operated at the time for Jay Roundtree by W. C. Cannon, his duly authorized truck driver. Lillie B. Post, individually and as tutrix of her minor son, Frank Post, instituted an action for damages against Roundtree and his liability insurance carrier, Highway Insurance Underwriters, alleging that the accident was caused by the negligence of the truck driver. The defendants denied that the truck driver was negligent, and charged that Frank Post was guilty of contributory negligence in such sort as to bar recovery of damages. The case was tried to a jury which found the issues in favor of the plaintiff. Motion for judgment notwithstanding the verdict was denied by the court, and judgment in solido was entered against the defendants.

On appeal the defendants contend as they did below that the evidence was not sufficient to make a case for the jury; that as a matter of law Frank Post was guilty of contributory negligence barring recovery of damages; and that the court erred in denying motions for directed verdict and for judgment non obstante veredicto.

The record evidence shows that on the day of the accident Frank Post was riding his bicycle along North Market Street, one of the main right-of-way thoroughfares in the City of Shreveport. As he approached the intersection where Cadillac Street enters North Market Street, he saw defendant's truck coming toward the main street. He slackened his speed, sounded the bicycle horn, and put his pedals in a braking position. He noticed that the truck driver was looking toward him and driving at a slow rate of speed as if he were about to stop. Relying on the truck driver to stop and respect the right-of-way, Post proceeded to enter the intersection. The truck did not stop, however, but entered the intersection, and when Post saw that the truck was not going to stop, he applied the brakes turned left, and attempted to stop the bicycle and avoid the collision, but his efforts failed. Cf. Cole v. Sherrill, La.App., 7 So.2d 205. The bicycle struck the truck on the side near the cab door, and Post lost his balance, fell to the street under the truck, and the dual wheels of the truck ran upon his body and caused him painful and serious injury. The driver of the truck testified that he stopped before coming out of the side street into the main thoroughfare, and that he did not see the boy until after the accident had occurred. Three eye witnesses testified positively that the truck did not stop before entering the main street, and that the driver stopped the truck only after the collision had occurred and the truck's rear wheels had come to rest on the boy's body.

We have had occasion to point out many times that this court does not sit as a second jury to re-try fact issues, and that where the evidence is conflicting or permits of conflicting inferences and the case has been fully and fairly presented to the jury, the verdict will not be disturbed on appeal. American Employers' Ins. Co. v. McLean, 5 Cir., 127 F.2d 275; Tri-State Transit Co. of Louisiana v. Grier, 5 Cir., 127 F.2d 719; Southwestern Greyhound Lines v. Buchanan, 5 Cir., 126 F.2d 179.

The evidence here made a case for the jury. It was for the jury to weigh the evidence and resolve its conflicts and determine whether the plaintiff had established by a preponderance of evidence that the truck driver was guilty of negligence which caused the accident, and, if so, whether the defendants had carried their burden of establishing by a preponderance of evidence that Post had been guilty of contributory negligence. The jury determined these issues in favor of the plaintiff and against the defendants. That verdict will not be disturbed, for under no proper view of the case does the evidence demand a finding for the defendants. Indeed, the verdict and judgment is abundantly supported by evidence which authorized a finding that the sole cause of the accident was the grossly negligent conduct of the truck driver in failing to keep a constant lookout, and in entering the busy thoroughfare from a side street without taking precaution to

see that the way was clear. Scruggs v. Frank Lynn Co., La.App., 6 So.2d 86; Marsiglia v. Toye, La.App., 158 So. 589.

The motions for directed verdict and for judgment notwithstanding the verdict were properly denied. The judgment is affirmed.