14 So.2d 854

## OPPENHEIM v. TOYE BROS. YELLOW CAB CO. et al.

No. 36753.

June 21, 1943.

Schwarz, Guste, Barnett & Redmann and Edward H. Sutter, all of New Orleans, for applicant.

A. D. Danziger, of New Orleans, for respondent.

PONDER, Justice.

This case comes to us on review from the Court of Appeal for the Parish of Orleans.

The plaintiff, Gertrude Oppenheim, brought this suit against the defendants, Louis H. Edyburn and the Toye Brothers Yellow Cab Company, seeking to recover damages for an injury she received in an automobile collision between the defendant Edyburn's car, which was being driven by the defendant Edyburn, and a taxicab owned by the Toye Brothers Yellow Cab Company in which the plaintiff was riding as a passenger.

The plaintiff failed to obtain citation of the defendant Edyburn and elected to prosecute her demand against the defendant taxicab company on the contract of carriage. Upon trial, the lower court gave judgment in favor of the plaintiff awarding her damages in the sum of $1,500. On appeal to the Court of Appeal for the Parish of Orleans, the judgment was reversed and the plaintiff's suit dismissed at her cost. 7 So.2d 420. A writ of review was granted herein, and the matter is now submitted for our consideration.

We granted a review in this case for the reason that we had some doubt as to whether the law was correctly stated with reference to the degree of care required of a carrier of passengers when confronted with an emergency brought about by the reckless abandon of a third party in the operation of an automobile.

The Court of Appeal, after arriving at the conclusion that the emergency was

brought about by the reckless abandon of Edyburn in the operation of his automobile, the creation of which the taxicab driver was in no way involved, stated in effect that the taxicab driver did what any reasonable, prudent operator of a motor vehicle would have done under similar circumstances.

After reading the testimony in this case, we find that it is correctly analyzed by the Court of Appeal and shows that the taxicab driver exercised the highest degree of care in endeavoring to avoid the impending disaster brought about by the gross negligence of Edyburn. The purport of the holding of the Court of Appeal

is to this effect. The statement in the opinion of the Court of Appeal to the effect that the taxicab driver did what any reasonable, prudent operator of a motor vehicle would have done when confronted with an emergency is mere surplusage and not necessary to a decision in this case. No purpose could be gained in discussing a principle of law not applicable to the facts of this case.

For the reasons assigned, the judgment of the Court of Appeal for the Parish of Orleans is affirmed at plaintiff's cost.

ROGERS, J., absent.