Plaintiff was a passenger on a bus operated by the defendant under the name of the Camp Polk Bus Service from Leesville to Camp Polk on September 29, 1942, and claims to have received injuries to his back and neck by reason of the negligence of the bus driver in driving the bus over holes and rough places in the road at a fast rate of speed, throwing him against the seats and side of the bus with such force as to cause an injury to his back and a wrench in his neck. He sued for $10,000 damages on account of loss of earnings, permanent injuries, and pain and suffering.
The defendant denied that plaintiff received any injury on the bus and denied that the bus driver was guilty of any negligence. The trial judge rendered a judgment in favor of the plaintiff for the sum of $1500 and both parties have appealed, the defendant claiming that there is no liability, and the plaintiff insisting that the award is not sufficient. The defendant urges on the appeal that there is not sufficient evidence to show that plaintiff sustained an injury while a passenger on the bus, and if he suffers any disability, it is the result of natural conditions and has no connection with any accident received by him on the bus.
Plaintiff testified that he got on one of defendant's buses at Leesville and paid his fare; that he was the only passenger on this bus which left Leesville around 4:30 in the afternoon, and the driver proceeded at an excessive speed over the black-top road which was rough and full of holes; that the bus driver attempted to pass a gravel truck going at a fast speed in the same direction; that he warned the bus driver against passing the truck at such a fast speed over the rough road, but the driver gave no heed to his warning, gave no signal to the truck ahead, and continued at a fast speed, zig-zagging on the left side of the road trying to miss the holes in the road; that the bus driver hit some holes in the road and threw plaintiff against one of the seats, then threw him against another seat and the side of the bus. After the bus driver got straightened out on the road, plaintiff says that he told the driver, "Son, you have hurt me, I am afraid." The driver made no reply, and shortly thereafter plaintiff got off the bus at the place where some men were to meet him in a car and carry him to his home at Simpson; that he had to stay in bed the next day and later went to see Dr. Stephens at Camp Polk who gave him one treatment and asked him to come back, and when he did go back, Dr. Stephens' machine was out of order and the doctor sent him to Dr. Byrd. He did not report the accident to the bus company other than what he told the bus driver until some three weeks later when he consulted an attorney who wrote the bus company advising that plaintiff had seriously injured his back and neck while a passenger on the bus when the bus struck a rut or hole in the road. No reply was made to this letter, and about two weeks later, the attorney wrote another letter to the defendant regarding the claim, but no reply was made to that letter, and this suit was filed about six months later. The reason given by plaintiff for not notifying the bus company before seeing the attorney was that he thought he would get better and be able to go back to work.
A statement of the driver of the bus on which the plaintiff claims to have been riding is in the record, and the driver states that he does not know plaintiff and has no recollection of anyone getting hurt on the bus he was driving at the time. Plaintiff claimed that he was injured on bus number 35, and it is shown that the driver whose statement is in the record was the one who was driving bus number 35 on the day the accident is alleged to have happened. The evidence is rather meager in showing the bus on which plaintiff was a passenger when he claims to have got hurt, however, by putting all the facts together there may be sufficient evidence to show that it was bus number 35 driven by Rosson, who made the statement in the record. In his petition, plaintiff alleged that the accident occurred in the afternoon of September 29, 1942, and that he did not know the name of the driver of the bus, but the bus was number 35. The manager of the bus company testified that Rosson was the driver of bus number 35 on the afternoon in question and made no report of any accident.
The driver of the gravel truck testified about a bus passing him going at a fast speed and bumping over the rough road. He did not identify the bus or state the *Page 301 
date when the bus passed him. A witness testified that he was in the car that picked up plaintiff after he got off the bus on the day he claims to have gotten hurt, and the witness had to open the car door and help him in and he claimed to have been hurt.
In July, 1943, some ten months after the alleged accident, plaintiff was examined by Doctors Byrd and Reid of Leesville. In a report made by Doctor Byrd, in which Doctor Reid concurred, plaintiff's condition was diagnosed as arthritis of the spine between the third and tenth thoracic vertebrae which in the opinion of the doctor has been present over a period of the past few years but no doubt accentuated by recent injury allegedly sustained by the plaintiff. The doctor admits that the alleged injury came to his attention either through the plaintiff or some one else who reported that the plaintiff claimed to have been hurt. It does not appear whether or not the doctor had in mind the injury which is alleged to have occurred ten months previously. We are inclined to doubt that the doctor would have called an injury alleged to have occurred ten months previously a recent injury.
Where a passenger on a public conveyance pays his fare and sustains an injury while riding as a passenger, the burden is then thrown on the carrier to show that it was free from negligence. Cusimano v. N.O. Public Service, Inc., 170 La. 95,127 So. 376. However, the burden of proof rests on the passenger to show by a preponderance of the evidence and with reasonable certainty that he sustained an injury while being transported as a passenger in the same manner as a plaintiff is required to prove any other material fact in a civil action. The proof of the fact as to whether or not the plaintiff in this case sustained an injury while a passenger on the bus depends almost entirely on his own statements made to the bus driver, his friends, the doctors, and as a witness in court. A careful consideration of the facts and circumstances shown by the record leads us to the conclusion that plaintiff has failed to prove with sufficient legal certainty that he sustained an injury while a passenger on the bus. There are several facts and circumstances which weaken plaintiff's claim of having received an injury on the bus.
He claims that he told the bus driver at the time he was thrown around in the bus by the jolts that he was afraid he had been hurt. He does not state that the bus driver heard him, and it is reasonable to suppose that the driver did not hear any complaint by plaintiff as the former stated that he had no knowledge of anyone getting hurt on the bus at the time in question. Plaintiff made no further complaint to the bus company until some three weeks later, when he consulted an attorney who wrote the bus company. It seems to us that if plaintiff had been injured to the extent he claims, he would have made more prompt complaint to the bus company. Even when he got off the bus at his destination he made no complaint to the driver that he was hurt, which would have been the natural thing for him to do.
Plaintiff claims to have seen Doctor Stephens shortly after the accident is alleged to have happened and this doctor strapped his back, yet Doctor Stephens was not called as a witness nor was any explanation made for the failure to call him. Doctor Stephens was in a better position to testify as to evidence of an injury than any other doctor as he was the first doctor to see plaintiff after the alleged injury.
Another circumstance against the plaintiff's claim is that, while he was referred to Doctor Byrd by Doctor Stephens a few days after the accident is alleged to have occurred, yet Doctor Byrd testified that he first examined plaintiff some ten months later and found arthritis of the spine which had been present over a period of years and which condition could have caused all the pain and disability of which plaintiff complained. It is reasonable to conclude that the arthritis of the spine from which plaintiff had been suffering for several years could have and did cause the pain and disability of which he complained in view of the fact that he is a man well above sixty years of age.
Dr. Reid testified that ever since he had known plaintiff over a period of fifteen years, the latter had used a cane in walking. While plaintiff admits that he has used a cane or stick in walking, he claims that this is a habit which he has followed all of his life. However, it seems more reasonable to believe that the arthritic condition of his back had something to do with the use of the cane. It is generally known that a person suffering from arthritis of the spine may be stricken suddenly with severe pain and a stiffness in the back without any unusual jar or strain. *Page 302 
We are not unmindful of the rule that a finding of fact by the trial judge based on the credibility of a witness whom he has heard testify should not be disturbed unless manifestly erroneous, yet we are constrained to hold that the record fails to show that plaintiff has borne the burden of proving a material fact necessary for his recovery.
For the reasons assigned, the judgment appealed from is hereby annulled and set aside, and it is now ordered that the suit of the plaintiff be dismissed.