LOTTINGER, Judge.
The plaintiff in this suit, an insurance firm, seeks to recover from the defendant the sum of One hundred thirteen and 66/100 ($113.66) Dollars, which amount allegedly represents" the premiums due on four policies of insurance issued by plaintiff to the defendant and previously paid for by plaintiff itself to the insurance companies. Judgment was rendered by the District Court in favor of the plaintiff as prayer for, and defendant prosecutes this appeal.
. The record shows that for several years prior to 1945, the defendant was engaged in the saloon business, and that during this period he carried his insurance with plaintiff. The record also shows that in the year 1943, defendant took out with plaintiff two policies covering robbery and safe burglary respectively, and that these policies -were renewed in the year 1944. According to the testimnoy of Mr. Svendson, one of the partners of the plaintiff firm, defendant had also, carried a $5,000.00 fire insurance policy, which in December, 1944, was increased to $10,000.00. This is not denied by defendant, although he did state (see Tr., page 3) that he was under the impression that he had carried $10,000.00 fire insurance all along.
The main dispute concerns the events that took place during the latter part of the year 1945. According to the testimony of Mr. Svendson, the robbery and burglary policies were about to expire in September of 1945, and, in accordance with the customs of the insurance business, he prepared renewals and delivered these to Mr. Binning, the defendant. He states further that he called on the defendant in December, 1945, at which time he presented him with two renewals of his fire insurance policies, each in the amount of $5,000.00. At. this latter meeting, according to Mr. Svendson, the defendant stated that he intended to sell his business and wanted the burglary and robbery policies cancelled immediately, though he wanted the fire insurance to remain in effect until the sale was completed. The testimony of Miss Stark, office manager of the plaintiff, is corroborative of Mr. Svendson's to the effect that when he returned to the office after this latter meeting he handed her the burglary and robbery policies which the defendant had just returned to him, and instructed her to cancel them. (See Tr., page 14-15). According to- the statement of account attached to plaintiff’s petition, these policies were can-celled that same date.
In January of 1946, the defendant, who in the meantime 'had received a bill from plaintiff, called at plaintiff’s office, where he spoke with Miss Stark about the policies. Just what transpired at this meeting is far from clear as the testimony on this point is in direct conflict. According to Miss Stark (Tr., page 15) the defendant admitted having received the policies and requested that they be cancelled because he had sold his business. She states further that she told the defendant that cancellation could be effected only by a return of the policies, and that if they were returned within sixty-days from the date of issuance there would be no charge. She testified further that she later even went to Mr. Binning’s residence to obtain the policies, but that she never was successful in locating him. The *691 policies were never returned and on February 25, 1946, were cancelled by registered notice.
As stated above, the testimony of the defendant is in direct conflict with that of the plaintiff. He denied having ever received or accepted any of the four policies concerned and stated that he so informed Miss Stark when he visited plaintiff’s office in January of 1946.
This court believes that the policies in question were issued and delivered to defendant. We further believe that the burglary and robbery policies were returned to plaintiff for cancellation at the December 1945 meeting between Mr. Svendson and Mr. Binning, the defendant. The fire insurance policies were delivered to the defendant at this particular meeting. We further believe that had the defendant not wanted the fire policies that he would have at that time refused to accept same from Mr. Svendson and that the said Mr. Svendson would have returned the two fire policies, together with the burglary and robbery policies to his office for cancellation, as a result of said conference.
 The sole issue presented is one of fact, namely, whether or not the policies were ever issued to and accepted by the defendant. The record contains only the testimony of the defendant himself, Mr. Svendson, one of the plaintiffs’, and their office manager, Miss Stark. A complete review of all the testimony would serve no useful purpose for there seems to be nothing contained therein which would warrant a reversal of the findings of fact by the lower court. As stated in Anderson v. City of Monroe, La.App., 2 So.2d 499, 500:
“Applicable to this appeal, we think, is the well recognized doctrine that where only an issue of fact is presented and the testimony is irreconcilably conflicting and the credibility of witnesses must be passed upon, the conclusion of the trial judge will not be disturbed by the appellate court unless clearly erroneous.”
Appellant, in his brief argues that the defendant had sold his business in September, 1945, and that as a result thereof under our fire insurance laws, the policies were void. He argues further along this line that plaintiff failed to prove that defendant was still in business at the time the policies were issued. We fail to see how the burden could be on the plaintiff to prove when the defendant sold his business, and for the defendant to rely upon the insurance laws it would seem that he himself could have easily established the fact as to just when he was in business. A reading of the transcript leaves the impression that the defendant himself did not know when he sold out. (See Tr., pages 5 and 18). Therefore, we believe that any argument based upon the laws of the state relating to fire insurance is totally without merit.
For the above and foregoing reasons, we believe that the Judgment of the lower court is correct and that same is hereby affirmed at appellant’s cost.