HARDY, Judge.
This is a suit in which Tom and Estelle Johnson, husband and wife, seek to recover damages from the defendant transportation company for injuries alleged to have been suffered by the plaintiff wife while a paying passenger on board one of defendant’s busses. After trial on the merits there was judgment rejecting plaintiffs’ demands, from which they prosecute this appeal.
It is alleged that on or about 5:15 P.M. on May 29, 1948, the plaintiff, Estelle Johnson, boarded trolley No. 319, owned and operated by defendant, Shreveport Railways Company, on what is known as the Allendale line in the 'City of Shreveport, Louisiana. It is contended that this plaintiff, who was a fare-paying passenger, was thrown across one of the seats occupied by another passenger and against a railing, which caused an injury to her left arm. The accident is claimed to have been caused by the negligence of defendant’s trolley bus operator in suddenly swerving the vehicle in such manner as to cause plaintiff to lose her balance and fall.
The defense is based upon two factual propositions; first, that there was no accident, and, alternatively, that if such an accident and injury occurred plaintiff was guilty of contributory negligence precluding recovery.
There is no disputed question of law here involved and admittedly the law applicable to common carriers of paying passengers is undisputed.
The determination of this matter rests upon resolution of purely factual points which are epitomized in the defenses above noted. If plaintiff has made out a prima facie case, with respect to the occurrence of the accident, which has not been overcome by the defendant, then clearly she is entitled to recovery, provided she has not been guilty of contributory negligence.
The facts are seriously disputed and the testimony of the several witnesses is contradictory and conflicting.
*656 In addition to her own testimony plaintiff, Estelle Johnson, tendered the testimony of another Negro woman by the name of Lula Ogilvie, and a young Negro man, Howard Robison, Jr., both of whom claimed to have been passengers on the trolley bus at the time of the alleged accident. It is true that the testimony of these witnesses generally corroborates that of the plaintiff but their testimony insofar as it bears upon the actual accident, in our opinion, is inconclusive. In his written opinion the District Judge commented on the fact that the evidence did not indicate anything unusual in connection with the starting of the trolley. With this finding we are in thorough accord. It is further evident from the testimony adduced that plaintiff' was not supporting or bracing herself by holding to any of the rails or stanchions provided for such purpose and, under such circumstance, it is entirely probable that her loss of balance was occasioned by the ordinary operation of starting the vehicle in motion and not by any careless or negligent act on 'the part of the operator.-
As opposed to the testimony of plaintiff and her witnesses defendant introduced the testimony of a number of its trolley operators, particularly those who were in service on the Allendale line about the time and on the date of the alleged accident. Uniformly these witnesses testified that they had no knowledge of any accident nor of any incident or occurrence such as that contended by plaintiff. It is true that this type of testimony may be subject to some criticism on, the ground that it is negative in nature. But it is corroborated by the fact that no report of any such accident was turned in to the company, and further we think it particularly worthy of note that the allegedly injured plaintiff made no complaint, at the time or before leaving the trolley, to1 the operator. This circumstance is- so unusual and so irreconcilable ..with the ordinary and expected course of human conduct that in itself it must be considered as a potent factor in evaluation of the facts.
Finally, we are much influenced by the fact that plaintiff' positively identified the number of the trolley as being 319, and to this identification she adhered without deviation. Affirmative testimony conclusively establishes the fact that at the time and on the date in question defendant’s trolley bus No. 319 was being operated on what is known as the Queensboro line in the City of Shreveport, which is entirely separate and distinct as to route from the Allendale line.
We do not find that plaintiff has sustained the burden of proof in the instant case with respect to establishing the fact that the trolley 'bus was started with such force or violence as would be more than normal or customary. Nor do we find that the record justifies a holding of negligence on the part of defendant’s operator. However, if such negligence should be conceded arguendo, plaintiff must still stand convicted of contributory negligence arising from the fact that she failed to use the safeguards provided for the assistance of passengers in maintaining their balance, for which failure she has advanced no satisfactory explanation nor excuse.
We do not find that any reasonable ground has been presented which would be convincing as to the existence of manifest error in the findings of the Judge of the District Court.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.