DORÉ, Judge.
These two cases arise out of a collision between a 1949 Mercury taxicab belonging to Alfred Broussard and being operated at the time of the accident by his agent and employee, Nelson R. Fontenot, in the course of his employment, and a 1936 Chevrolet automobile owned and being operated by Walter T. Richard. The collision occurred in the City of Lake Charles at about 9:45 p. m. on May 15, 1951 on Gray Street at a point south of the intersection of Fournet Street. The plaintiff, Mrs. Arthur L. Reeves, was a paying passenger in the taxicab and she sues the owner of the taxicab and his insurer for personal injuries she allegedly sustained as a result of the accident, and her husband, plaintiff Arthur L. Reeves, sues the same defendants for medical expenses incurred in the treatment of his said wife for the personal injuries which she allegedly sustained. The suits are based on the allegations that the accident was caused by the negligence of Nelson Fontenot, the driver of the taxicab, and particularly that said taxicab driver, who was proceeding north on Gray Street, was carrying on a conversation with his passenger, Mrs. Reeves, and was not keeping a proper lookout ahead and that just prior to the collision, as a result of his carelessness, he caused his taxicab to enter the west lane, the lane to his left, of said Gray Street and as a result collided with the Chevrolet automobile of Walter T. Richard, which was proceeding south on said street.
The defense in each suit is to the effect that the accident was caused solely and entirely by the negligence of Walter T. Richard and particularly in the following respects:
a. Driving with weak and improper lights.
b. Driving with weak and improper-brakes.
c. Driving with his wheels out of alignment and with a defective steering mechanism.
d. Driving at an excessive rate of speed.
e. Failing to keep his automobile under-proper control.
Since the two cases involve the same-facts, in so far as liability is concerned,, they were consolidated for trial, and after-due hearing, the trial judge rendered judgment in both cases in favor of the defendants, dismissing the suits at the cost of' plaintiffs. Thereafter the plaintiffs filed motions for a new trial on the ground of newly discovered evidence, which motions were denied. The plaintiffs have appealed.
 The main question to be considered in the appeals is whether or not the-driver of the taxicab was guilty of any negligence contributing to the accident. Asset out by the trial judge in his reasons for judgment, it is well settled that a carrier ■ of passengers for hire is not an insurer of its passengers, but is required to exercise. *855 the highest degree of care, vigilance and caution for the safety of its passengers, and is liable for the slightest negligence, and the burden rests upon such carrier to prove its absolute freedom from negligence. See Oppenheim v. Toye Bros. Yellow Cab Co., 203 La. 1067, 7 So.2d 420; Id., La.App., 14 So.2d 854; Buswell v. Missouri Pac. Transp. Co., La.App., 184 So. 399; Eleazar v. Illinois Cent. R. Co., La.App., 24 So.2d 387.
The trial judge further states correctly that a carrier can avoid liability for injury or death of a passenger in transit if it shows its own freedom from negligence by a preponderance of testimony. See Brott v. Texas & Pac. R. Co., La.App., 35 So.2d 801; Marks v. Highway Ins. Underwriters, La.App., 51 So.2d 819.
The facts which are either admitted, or established by the preponderance of the evidence, are as follows: Gray Street is a two way traffic street running north and south with a concrete slab sixteen feet wide. The taxicab was traveling north in the east lane and the Chevrolet was traveling south in the west lane. The collision between the two vehicles occurred just south of the intersection with Fournet Street, about two feet from the center line of Gray Street within the east lane or that lane in which the taxicab was traveling. The situs of the impact is established, riot only by the testimony of the taxicab driver, but also by the physical facts and particularly by the fact that it is shown by the testimony of the two city policemen, who investigated the accident immediately after its occurrence, that the taxicab was struck on the left front fender near the left front light and also on the left front door and slightly on the left rear fender, clearly indicating a glancing blow from the Chevrolet automobile, and that the debris, such as broken glass and dirt, was found at a spot two feet east of the center line. It is further shown that subsequent to the collision the taxicab continued a distance of only twenty feet northward and came to rest at an angle with the right front wheel across a neutral ground of some five or six feet near the concrete sidewalk and the right rear wheel jammed against the curb. The taxicab driver testified that upon perceiving that the Chevrolet automobile approaching him was cutting into his lane of traffic, he immediately applied his brakes and cut to his right and that testimony is fully corroborated by the position of his taxicab after the collision, as well as by some six feet of skid marks, all in his lane of traffic and by the aforesaid debris all found in his lane of traffic. As a matter of fact, even .the plaintiff, Mrs. Reeves, in effect, admitted that the collision occurred in the taxicab’s lane of traffic, although in part of her testimony she vaguely implied that the taxicab driver had proceeded too far to his left. She does not state that he entered the west lane. Suffice it to say, that no other conclusion can be reached from the evidence but that the impact occurred in the east lane of Gray Street and that consequently Walter T. Richard must necessarily have driven his Chevrolet into that lane, as stated by the taxicab driver, and the taxicab driver is therefore absolved from the alleged act of negligently driving in the wrong lane.
The only other acts of negligence that the taxicab driver could be possibly guilty of are: (a) Driving at an excessive speed, (b), not keeping a proper lookout, and (c) permitting his passenger to ride on the front seat with him instead of in the rear seat.
There seems to be no dispute that the taxicab driver was proceeding at a rate of speed of not more than 25 miles per hour, which was a reasonable speed in view of the fact that the weather was clear and visibility good and that the traffic was light.
In so far as failing to keep a proper lookout, the taxicab driver admits that he was carrying on a conversation with Mrs. Reeves but that since his passenger was sitting next to him on the front seat, it was no problem for him to look straight ahead while carrying on his conversation and the fact that he applied his brakes and swerved to the right upon perceiving the Chevrolet entering his lane of travel shows conclusively that he was doing just that.
In so far as permitting his passenger to ride on the front seat with him is con *856 cerned, it seems immaterial, for the reason, that it is obvious that the passenger’s position on the front seat was not any more hazardous than, it would have been on the rear seat.
We cannot find any manifest error in the conclusion of fact that the taxicab operator was not guilty of any act of commission or omission contributing in the least to the accident and to the injuries sustained by the plaintiff • Mrs. Reeves. Rather, we heartily agree with the findings of fact of the trial judge.
It seems clear to us that the accident was caused solely by the gross negligence of the driver of the Chevrolet automobile in driving a mechanically defective vehicle, with defective lights and in entering the lane of travel in which the taxicab was proceeding.
For these reasons, the judgments below are affirmed.