GLADNEY, Judge.
Shreveport Railways Company, Inc., appeals from a judgment which awarded Herbert Baker and Willie Bell Baker damages resulting from injuries allegedly received by Willie Bell Baker while a paying passenger on a trolley owned and operated by appellant. ¡
Appellees allege that about 4:15 P. M.. July 9, 1952, Willie Bell Baker boarded an outbound trolley of the Broadmoor line at the corner of Lister- Street and Centenary Boulevard, in Shreveport, Louisiana, paid her- fare to the operator and took a seat in the colored section of the trolley; that when the trolley arrived within the 500 block of East Kings Highway she pulled the overhead cord to signal her stop at the next designated trolley stop; that she then arose from the seat, and carrying a package in her right arm, started walking toward the rear exit door of said trolley and was extending her left hand before her to grasp an upright metal rod which extends from the floor to the ceiling of said trolley in front of the steps leading to the rear exit door, when suddenly said trolley was brought to a violent and abrupt stop at an unscheduled and undesignated stopping place, approximately in front of the Broadmoor Barber Shop, and Tri-State Liquor Store located respectively at 546 and 548 East Kings Highway; that she was thrown forward off balance with such force her extended hand partially missed the upright metal rod she was attempting to grasp and caused her little finger to strike the rod; that as a consequence thereof she received injuries which required hospitalization for her injured finger and she also received injuries to her left arm, shoulder and side. It is further alleged that the injury to the little finger of her left hand has resulted in the ungual phalanx thereof being markedly flexed and incapable of voluntary extension, a permanent injury sometimes referred to as “mallet •finger”.
It is conceded by appellant that evidence adduced upon, trial has established Willie *230 Bell Baker was a paying passenger on one of its trolleys and suffered an injury to the little finger of her left hand as alleged. The record reveals there was no satisfactory proof as to plaintiff receiving injuries to her upper arm, shoulder and left side.
As a defense it is asserted- the injuries suffered by its passenger were due to an intervening cause requiring an abrupt stop and the driver of the trolley was not negligent under the circumstances. Appellant pleaded also the contributory negligence of the defendant, but inasmuch as the plea is not seriously urged on this appeal, it is considered as abandoned.
Deeds, the driver of the trolley upon which Willie Bell Baker was a passenger at the time of the accident, related he had just discharged a passenger at the corner of Beverly Place (apparently he should have said “Lynn’s Ice Cream Parlor”) and testified: “I started off. This car was backing away from in front of the barber shop and it kept on backing up.” He declared an emergency was created and he stopped his trolley within inches of the automobile. Testifying further he said the driver of the car, which he identified as a black Cadillac, came out and just “kept backing and took off like a shot.” The identity of the driver or the license number of said automobile was never learned.
A witness, Will Bingham, testified he was discharged from the trolley at Lynn’s Ice Cream Parlor and saw the trolley almost strike the automobile which had backed into the highway. His testimony, however, gives us no substantial- evidence as to whether the trolley driver was confronted with a sudden emergency.
Appellants have annexed to their brief a plat of the locus quo-. This indicates Lynn’s Ice Cream Parlor is about 200 feet or more west of the site of the accident, and approximately 300 feet west of the intersection of Youree Drive and East Kings Highway.
Thus oriented we must decide whether we can accept the testimony of Deeds that he was forced to an abrupt stop- solely by an emergency created by the driver of the car suddenly backing his automobile in front of the trolley. Appellees charge the trolley driver was proceeding too fast and not keeping a proper lookout and argue that had Deeds been properly observant he would have noticed the Cadillac and kept the trolley under control without the necessity of a sudden and violent stop.
Counsel for appellant insist the testimony of Deeds does not mean he saw the car backing when he started off to leave the stop at Lynn’s Ice Cream Parlor. The words of the witness, however, have this implication, so we think. The trial judge’s interpretation was the same as ours. The testimony quoted above was permitted to stand without further elaboration or explanation.
As we read Deeds’ testimony he first noticed the automobile backing as he started off from his stop in front of Lynn’s Ice Cream Parlor, as he stated: “I started off. This car was backing away from in front of the barber shop and it kept on backing up.” The trolley was brought to a stop with front of the trolley even with the barber shop. This being the situation, with 200 feet between the trolley and the Cadillac there was no justification for the violent stopping of the trolley since by proper control and with due observance an emergency should not have developed, and we think negligence of appellant is indicated.
The sudden emergency doctrine is applicable to common carriers of passengers for hire. When confronted with a sudden emergency arising from no fault or negligence of the common carrier, it will not be held liable for the damages that follow, even though it may be shown that if the one responsible 'had acted differently the accident would not have taken place. See Mitchell v. Ernesto, La.App.1934, 153 So. 66; Upton v. Bell Cabs, Inc., La.App.1934, 154 So. 359; Gonzales v. Toye Bros. Yellow Cab Co., La.App.1940, 198 So. 379; Oppenheim v. Toye Bros. Yellow Cab Co., La.App.1942, 7 So.2d 420, affirmed 203 La. 1067, 14 So.2d 854; Loftin v. Anderson, Fla.1953, 66 So.2d 470.
*231 On the other hand it is well recognized that the sudden emergency doctrine has no application where the emergency requiring rapid decision resulted from the tortious conduct of the operator of the conveyance involved. Thus, appellant cannot invoke the protection of the rule if Deeds upon noticing, the car backing out failed to respond promptly by bringing the trolley under such control that it could be brought to an easy stop. It appears to us that the sudden emergency doctrine has no application under the facts of this case. And a carrier failing in’its duty to a passenger is responsible for consequences of its negligence irrespective of the fact that the negligence of a third party contributes to the injury, if the intervention of the negligence of the third party could be reasonably anticipated. Crawley v. City of Monroe, La.App.1946, 26 So.2d 493.
Where a passenger is not carried safely to his or her destination by the common carrier, a prima facie case of negligence is established against the carrier when the passenger shows injury while a paying passenger thereon, after which the carrier has the duty to prove its freedom from negligence to overcome the passenger’s prima facie case. See Gonzales v. Toye Bros. Yellow Cab Co., La.App.1940, 198 So. 379; Anderson v. City of Monroe, La.App.1941, 2 So.2d 499; Valdry v. Baton Rouge Bus Co., Inc., La.App.1941, 5 So.2d 173; Oppenheim v. Toye Bros. Yellow Cab Co., La.App.1942, 7 So.2d 420, affirmed 203 La. 1067, 14 So.2d 854; Pierce v. Toye Bros. Yellow Cab Co., La.App.1942, 8 So. 2d 562, affirmed La.App., 11 So.2d 236; Bailey v. Owen, La.App.1944, 19 So.2d 299; Murphy v. Henderson, La.App.1945, 23 So. 2d 369; Jakubec v. Southern Bus Lines, Inc., La.App.1947, 31 So.2d 282; Etress v. Shreveport Rys. Co., Inc., La.App.1948, 33 So.2d 700; Kendall v. New Orleans Public Service, Inc., La.App.1950, 45 So.2d 541; Johnson v. Shreveport Rys. Co., La.App.1951, 50 So.2d 655.
Although a passenger assumes the risk “incident to the mode of travel” adopted, such risks are only those which cannot be avoided by the carrier by the use of the utmost degree of care and skill in the management of the conveyance. See Matteson v. Teche Greyhound Lines, La.App.1938, 178 So. 272, 273; Oppenheim v. Toye Bros. Yellow Cab Co., La.App.1942, 7 So.2d 420, affirmed 203 La. 1067, 14 So.2d 854.
The standard of care required of the carrier is qualified only by a reciprocal duty of passengers not to contribute to such injury by any want of ordinary care. Nee v. New Orleans Public Service, Inc., 11 La.App. 1, 123 So. 135.
In brief counsel have cited Basey v. Louisiana Ry. & Navigation Co., 1915, 137 La. 451, 68 So. 824, L.R.A.1915E, 964 and Gonzales v. Toye Bros. Yellow Cab Co., La.App.1940, 198 So. 379, as authorities for relieving appellant of responsibility herein. The facts in each of the cases are entirely dissimilar to those presented in the instant case and we do not consider them controlling. Appellee, Willie Bell Baker, having established a.prima facie case of the negligence- of the driver of the trolley, it was incumbent upon appellant to discharge the burden which rested upon it to prove its' freedom from negligence. This it has not done.
Appellant asserts that the claim of Herbert Baker for $36 for loss of wages of his spouse over a period of two weeks was not sufficiently proven. We think otherwise. Willie Bell Baker’s employer testified as to her employment and wages. Except for her injuries she would have received the amount claimed as wages for the period during which she could not work.
Appellee has answered the appeal for the purpose of having the award for personal injuries increased by this court. In proof of her injuries Willie Bell Baker offered only a copy of the record of her treatment at the hospital and gave her own testimony. There was no expert medical testimony. However, the only injury suffered was to her finger and the nature of the injury to that member is not questioned. We do not *232 think the judgment for personal injuries awarded by the trial judge was either excessive or inadequate.
It follows from the foregoing reasons that the judgment from which appealed should be and is hereby affirmed, appellant to be taxed with all costs, including the costs of appeal.